OFFERDAHL, Plaintiff and Appellant, v. GLASSER, Defendant: LUMBERMEN'S MUTUAL CASUALTY COMPANY, Defendant and Respondent.*

*November 5—December 2, 1958.*

* Motion for rehearing denied, without costs, on February 3, 1959.

For the appellant there was a brief and oral argument by *Jack McManus* of Madison.

For the respondent there was a brief by *Schlotthauer & Jenswold* of Madison, and oral argument by *John F. Jenswold*.

BROADFOOT, J.    The only issue presented upon this appeal involves the construction of an automatic insurance provision contained in an automobile liability insurance policy issued by the insurer to Glasser.

The insurance policy issued to Glasser was dated December 1, 1954, was issued for the period of one year, and

covered a 1949 Ford automobile. It appears that Glasser acquired a Chevrolet automobile on October 30, 1955, and it was the Chevrolet automobile that was involved in the collision. No notice of the change of automobiles was given to the company until November 30 or December 1, 1955. The policy contained the following provisions:

"IV. Automobile Defined, Trailers, Two or More Automobiles, Including Automatic Insurance.

"(a) Automobile. Except where stated to the contrary, the word 'automobile' means: . . .

"(3) Temporary Substitute Automobile—under coverages A, B, and D, an automobile not owned by the named insured while temporarily used as the substitute for the described automobile while withdrawn from normal use because of its breakdown, repair, servicing, loss, or destruction; . . .

"(4) Newly Acquired Automobile—an automobile, ownership of which is acquired by the named insured who is the owner of the described automobile, if the named insured notifies the company within thirty days following the date of its delivery to him, and if either it replaces an automobile described in this policy or the company insures all automobiles owned by the named insured at such delivery date; but the insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured has other valid and collectible insurance. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

The construction to be given an automatic insurance clause in a policy of automobile liability insurance has not been passed upon in Wisconsin. Courts that have construed such a provision have had different views as to the proper construction thereof. The majority rule, however, has been stated as follows:

"Where the 'automatic insurance' clause requires notice of the acquisition of a new automobile to be given the insurer

within a specified time after delivery, a failure to give notice prior to an accident occurring after the expiration of the designated period precludes coverage of the new automobile. However, where the accident takes place within the notice period but before any notice has been given, it is generally held that the requirement of notice is a condition subsequent rather than a condition precedent and that such coverage is automatically effected upon delivery of the new automobile and remains in effect until the end of the specified period, irrespective of whether notice has been given." 5A Am. Jur., Automobile Insurance, p. 83, sec. 84.

"Accident During Notice Period. A more difficult question is presented where the accident takes place within the notice period, but before any notice has been given. In this situation it has been generally held, on the theory that the requirement of notice is a condition subsequent rather than a condition precedent to extended coverage, that such coverage is automatically effected upon delivery of the new automobile and remains in effect until the end of the specified period, irrespective of whether notice has been given or not." Anno. 34 A. L. R. (2d), Automobile Insurance, p. 944, sec. 7.

The Insurance Company contended before the trial court, as well as before us, that its policy of insurance did not cover the Chevrolet automobile until the company had been notified that Glasser had purchased the same. It was the position of the plaintiff in both courts that the above-quoted policy provisions automatically afforded insurance coverage until the end of the thirty-day period irrespective of whether or not notice had been given prior to the time of the accident.

The trial court determined that the record was insufficient to establish whether or not the Chevrolet was an additional motor vehicle and consequently did not attempt to answer that question. In ruling on the motion the trial court assumed that the Chevrolet was a substitute motor vehicle under the policy. No determination was made as to whether or not the Chevrolet replaced the Ford automobile. That is the ultimate question to be determined.

Neither of the above citations nor many of the cases referred to therein were called to the attention of the trial court. The majority view as there expressed is logical and reasonable, and we adopt it as the rule in Wisconsin. The trial court in effect followed the minority rule. If upon the trial it is determined that the Chevrolet automobile was a temporary substitute automobile or a replacement automobile then the automatic insurance provision in the policy would cover the same at the time of the accident.

*By the Court.*—Judgment reversed.

BROWN, J., took no part.

WINGERT, J. (*dissenting*). I cannot agree that the insurance policy covered the Chevrolet if the Chevrolet replaced the Ford described in the policy instead of being a temporary substitute automobile. The policy provision pertinent to an automobile newly acquired to replace the described vehicle, sec. IV (a) (4), provides for coverage "if the named insured notifies the company within thirty days following the date of its [the new car's] delivery to him." In my opinion the quoted words, in their context, are free of ambiguity and mean what they say. Coverage is extended to the new vehicle from the date of its delivery if the notice is given as required, but not otherwise. The requirement of notice is not oppressive to the insured, for it is understandable to a layman, and thirty days is ample time to permit giving notice without inconvenience.

In the present case no notice of either the acquisition, the replacement, or the accident was given within the prescribed thirty-day period. Therefore the plain condition for extension of coverage to a newly acquired replacement vehicle was not met. Mr. Justice HALLOWS concurs in this opinion.