505 F.2d 158
 Roslyn SILVERSTEIN, as personal representative of the Estate
of Nathan Silverstein, Plaintiff-Appellee,
v.
LIBERTY MUTUAL INSURANCE COMPANY et al., Defendants,
Hartford Accident& Indemnity Company, Defendant-Appellant.
No. 74-2607 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of N.Y. et al., 5th Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 13, 1974, Rehearing Denied Feb. 4, 1975.
 
 Martin J. Sperry, Leonard M. Bernard, Jr., Fort Lauderdale, Fla., for defendant-appellant.
 Donald R. Niles, Fort Lauderdale, Fla., for plaintiff-appellee.
 Fleming, O'Bryan & Fleming, Fort Lauderdale, Fla., for other interested parties.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The diversity question presented for decision by this appeal concerns the coverage extended under the oft-interpreted 'Temporary Substitute' and 'Newly Acquired' provisions of an automobile liability insurance policy. The quirk arose because the automobile involved in this particular accident was owned by the insured when the policy was written.
 
 
 2
 Arnold Fedele, the insured, had purchased a 1962 Chevrolet automobile in 1968 and had driven it until it became inoperable in 1971. He did not sell this vehicle. In October of 1971, Fedele purchased a 1961 Austin Healy, and at that time purchased from Hartford Accident and Indemnity Company the policy here in dispute. This policy insured the Austin as the described vehicle. The Chevrolet was not specifically mentioned therein. After the policy was issued the Austin was rendered inoperable by an engine fire and was temporarily unrepairable due to a scarcity of necessary foreign parts. Fedele then performed a major overhaul on the Chevrolet with the intention of driving it until he could fix the Austin. In August 1972, two weeks after he had begun operating the Chevrolet and before he had given any information concerning the change to Hartford, he had an accident which resulted in the death of Nathan Silverstein.
 
 
 3
 Roslyn Silverstein, as personal representative of Nathan's Estate, brought this suit for a declaratory judgment against Hartford on Fedele's policy and against Liberty Mutual Insurance Company, Silverstein's carrier, under its uninsured motorist provision. Both Hartford and Liberty denied coverage. Hartford argued that since the Chevrolet was owned by Fedele at the time its policy was obtained, the Chevrolet could not be a temporary substitute automobile or a newly-acquired automobile and thus was not an insured vehicle under its policy.[1] Liberty was dismissed without prejudice and no appeal is taken from that action.
 
 
 4
 The trial court found that the Chevrolet had been totally inoperable when the policy was purchased ('. . . in the backyard . . . without an engine and apparently without wheels') and that Hartford's agent, when informed of these facts by Fedele, had told Fedele that he need not include the Chevrolet on the policy since it was not capable of use. That court held that the Chevrolet was covered by the Hartford policy under either the newly acquired or temporary substitute provisions or both.
 
 
 5
 On appeal, Hartford argues that the policy language unambiguously precludes any coverage for an 'owned' automobile as a newly acquired or a temporary substitute vehicle. We disagree. Fedele paid for and Hartford extended coverage to one automobile. Fedele never owned or possessed more than one operable automobile during any part of the policy period. The facts found by the district court demonstrate Hartford never had more than the one-car exposure risk its policy covered. Under the unique facts of this case, the repaired Chevrolet could be considered either a temporary substitute or a newly acquired automobile. Glens Falls Insurance Company v. Gray, 386 F.2d 520 (5th Cir. 1967); Luke v. American Family Mutual Ins. Co., 476 F.2d 1015 (8th Cir. 1973). The thirtyday notice period pertinent to newly acquired automobile coverage had not expired at the time of the accident. We do not reach any issue as to the effect of the information given to and the response of Hartford's agent.
 
 
 6
 Affirmed.
 
 
 
 [1]
 The relevant portions of the policy's provisions are as follows:
 AUTOMOBILE COMBINATION POLICY
 HARTFORD ACCIDENT AND INDEMNITY COMPANY
 . . . Agrees with the insured . . . in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy: . . . I. Coverage A-- Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile. IV. . . . (a) Automobile . . . the word 'automobile' means:
 (3) Temporary substitute automobile-- under Coverages A, . . . an automobile not owned by the named insured or his spouse if a resident of the same household, while temporarily porarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction:
 (4) Newly Acquired Automobile-- an automobile, ownership of which is acquired by the named insured . . . if (i) it replaces an automobile owned by . . . (Him) and covered by this policy, or the company insures all automobiles owned by the named insured . . . on the date of its delivery, and (ii) the named insured . . . notifies the company within thirty days following such delivery date; . . . V. Use of Other Automobiles: If the named insured . . . during the policy period . . . owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under . . . (Coverage) A . . . with respect to said automobile applies with respect to any other automobile subject to the following provisions: (d) This insuring agreement does not apply:
 (1) to any automobile owned by or furnished for regular use to . . . the named insured . . .