420 So.2d 318 (1982)
John A. LOWE, III, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 81-1210.
District Court of Appeal of Florida, Fifth District.
September 8, 1982.
Rehearing Denied October 14, 1982.
*319 Michael L. Ramos, Daytona Beach, for appellant.
Joe G. Dykes, Jr., of Landis, Graham, French, Husfeld, Sherman & Ford, P.A., DeLand, for appellee.
ORFINGER, Chief Judge.
Appellant Lowe appeals from a summary final judgment in favor of appellee State Farm, in a dispute arising out of Lowe's claim for personal injury protection benefits. We affirm.
Lowe, a Florida resident, was insured by State Farm for the period May 19, 1980, to November 19, 1980. The insured vehicle was a 1972 BMW. On September 17, 1980, Lowe was involved in an accident in Ohio, while driving a 1971 Volkswagen which he had purchased five days earlier. He had not notified State Farm of the additional vehicle, nor in fact, did he notify State Farm of the accident until February 13, 1981.
State Farm contended below that Lowe was not covered while operating his Volkswagen because it was not insured under the policy. Lowe contends that it was covered and that there is no showing of prejudice to State Farm because of the lack of notice.
The policy provision which controls here says, in pertinent part:
"If there is other no-fault coverage or if you own more than one vehicle:
1. Vehicles you own.
a. If the vehicle involved in the accident is owned by you or your spouse, this coverage applies only if it is:
(1) Your car [defined elsewhere in the policy as the automobile listed on the declarations page, in this case the BMW]; or
(2) A newly acquired car.[1]
The policy did not list the Volkswagen as the insured vehicle, so it was excluded from coverage under the definition of "your car." Neither could it qualify as a "newly acquired car", because the insured never notified the insurer of the acquisition of the car during the policy period, let alone the 30-day period after acquisition required by the policy. See Pennsylvania Threshermen & Farmers Mutual Casualty Insurance Company v. Traister, 173 So.2d 153 (Fla. 2d DCA 1965).
The summary final judgment is
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] The policy provides that "a newly acquired car":

Means a car newly owned by you or your spouse if it:
1. Replaces your car; or
2. Is an added car and we insure all other cars owned by you and your spouse on the date of its delivery to you or your spouse;
but only if you or your spouse:
1. Tell us about it within 30 days after its delivery to you or your spouse; and
2. If you or your spouse has more than one of our car policies, tell us which one to apply; and
3. Pay us any added premium due.