438 So.2d 1045 (1983)
T. Sol JOHNSON, Appellant,
v.
TRAVELERS INDEMNITY COMPANY and Steven Tracy Williams, Appellees.
No. AR-315.
District Court of Appeal of Florida, First District.
October 14, 1983.
Dennis K. Larry of Clark, Partington, Hart, Hart & Johnson, Pensacola, for appellant.
Philip A. Bates of Emmanuel, Sheppard & Condon, Pensacola, for appellee Travelers Indem. Co.
Robert G. Kerrigan of Kerrigan, Estess & Rankin, Pensacola and Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Miami, for appellee Steven Tracy Williams.
PER CURIAM.
Johnson appeals a final summary judgment finding no coverage by Travelers for a 1980 Camaro automobile under a commercial automobile insurance policy issued to Johnson's law firm. We affirm.
Johnson argues that there was an oral contract which extended the same coverage *1046 under the commercial policy as he previously had under a family policy issued by Travelers and also argues that the Camaro was covered even though it was not listed on the policy's declaration sheet.
In its summary judgment, the trial court specifically stated that even assuming Johnson had the family policy coverage, he had failed to notify Travelers within the prescribed thirty days that he had acquired the car.
The thirty-day notice requirement was not tied to premium notices as it was in Beasley v. Wolf, 151 So.2d 679 (Fla. 3d DCA 1963), where the link created an ambiguity precluding summary judgment. Here, the language of the thirty-day notice requirement is clear and unambiguous. The commercial policy did not list the Camaro as an insured vehicle, nor did Johnson notify Travelers of the acquisition of the car within thirty days of his acquiring it. Therefore, the Camaro was not covered by the commercial policy, even assuming the same family policy coverage had been extended. Lowe v. State Farm Mutual Automobile Insurance Company, 420 So.2d 318 (Fla. 5th DCA 1982).
The final summary judgment is AFFIRMED.
LARRY G. SMITH, WENTWORTH and JOANOS, JJ., concur.