528 So.2d 533 (1988)
RELIANCE INSURANCE COMPANY, Appellant,
v.
Frank J. D'AMICO, Appellee.
No. 87-3369.
District Court of Appeal of Florida, Second District.
July 20, 1988.
*534 Louis Schulman of Butler and Burnette, Tampa, for appellant.
Michael S. Edenfield of Michael S. Edenfield, P.A., Brandon, for appellee.
HALL, Judge.
Reliance Insurance Company appeals a final judgment entered in favor of Frank J. D'Amico in D'Amico's action against Reliance for an unpaid claim. We reverse.
In 1980, D'Amico secured a policy of insurance from Reliance for his boat, outboard motor, and trailer. The policy specifically identified the three items by their models or manufacturer numbers. Sometime after the issuance of the policy, D'Amico replaced the motor with one of greater value and horsepower. Subsequently, the boat, motor, and trailer were stolen and D'Amico filed a claim with Reliance for the three items. Reliance paid D'Amico for the loss of the boat and trailer, but denied coverage for the motor because of the following provision regarding newly acquired property in D'Amico's insurance policy: "We cover newly acquired boats, motors and trailers provided these items are owned by you and you report the newly acquired items to us within 30 days and pay the additional premium from the date acquired." As a result, D'Amico filed this action against Reliance for the unpaid claim for the motor.
The action proceeded to trial, at which D'Amico dropped his claim for the replacement motor and instead asked for the value of the motor covered by the policy. The trial court ruled in favor of D'Amico because Reliance had had the benefit of the premiums paid by D'Amico, which premiums had been calculated based on the value of the motor specified in the policy. The trial court entered an amended final judgment for D'Amico in the amount of $6,801.06 plus interest.
In this appeal Reliance argues, citing Johnson v. Travelers Indemnity Co., 438 So.2d 1045 (Fla. 1st DCA 1983), and Lowe v. State Farm Mutual Auto Ins. Co., 420 So.2d 318 (Fla. 5th DCA 1982), that the policy of insurance issued to D'Amico does not cover the replacement motor because D'Amico did not comply with the policy's notice requirement for newly acquired property.
D'Amico argues that he was never advised by Reliance of the notice requirement and that he never received a copy of the subject insurance policy because his insurance agent kept it on file for him. Furthermore, D'Amico argues, citing Tiedtke v. Fidelity & Casualty Co., 222 So.2d 206 (Fla. 1969), that because he is only seeking the value of the motor stated in the policy, Reliance has shown no prejudice resulting from its not having been notified of the replacement motor.
Johnson and Lowe, the cases cited by Reliance, are precisely on point. Both cases involved insurance policies that required notice to the insurers within thirty days of the acquisition of new automobiles in order for the policies to cover those vehicles. In both cases the insureds failed to follow the notice requirements and the appellate courts affirmed the entry of summary judgments in favor of the insurers. Although the present case involves a boat motor rather than an automobile, we find Johnson and Lowe to be indistinguishable.
D'Amico's arguments are of no avail. The fact that D'Amico may never have received a copy of the subject insurance policy because his insurance agent kept it on file for him is irrelevant because delivery of an insurance policy to an agent constitutes delivery to the insured. Prudential Insurance Co. of America v. Latham, 207 So.2d 733 (Fla. 3d DCA 1968). *535 More important, D'Amico had a duty to learn and know the contents of the policy before he signed it. Since D'Amico has not alleged that he was prevented from reading or induced not to read the policy before he signed it, he is bound by its terms. Onderko v. Advanced Auto. Ins., Inc., 477 So.2d 1026 (Fla. 2d DCA 1985); Allied Van Lines v. Bratton, 351 So.2d 344 (Fla. 1977).
The case cited by D'Amico in support of his contention that Reliance suffered no prejudice from his failure to give notice of the replacement motor is inapplicable. Tiedtke involved a provision of an insurance policy requiring notice of a loss "as soon as practicable." The insurer contended that by failing to notify it of an accident for there months, the insured did not comply with this provision. The supreme court held that in delayed notice cases the insurer may not be relieved of liability if the insured demonstrates that the insurer has not been prejudiced by not receiving notice "as soon as practicable." Tiedtke is not applicable to the instant case because it involved notice of the loss of an item for which insurance coverage had been established, whereas the instant case involves notice of the acquisition of an item for the purpose of establishing insurance coverage for that item.
The requirement in D'Amico's insurance policy for notice to Reliance of the acquisition of a new motor within thirty days was clear and unambiguous. Because D'Amico failed to comply with the requirement, the replacement motor was never covered by his policy. Consequently, Reliance's continued acceptance of premiums from D'Amico because of its lack of knowledge of the changed circumstances cannot be used to effectively create coverage where none existed. See Mutual of Omaha Insurance Co. v. Eakins, 337 So.2d 418 (Fla. 2d DCA 1976). See also Excelsior Insurance Co. v. Pomona Park Bar & Package Store, 369 So.2d 938 (Fla. 1979), (only when a genuine inconsistency, uncertainty, or ambiguity exists in the meaning of a contract may a trial court interpret that ambiguity against the drafter of the contract).
Accordingly, we reverse and remand with directions that judgment be entered for Reliance.
SCHEB, A.C.J., and PARKER, J., concur.