581 So.2d 1327 (1989)
Martin RABATIE, Appellant,
v.
U.S. SECURITY INSURANCE COMPANY, Appellee.
Nos. 88-2229, 88-2503.
District Court of Appeal of Florida, Third District.
July 25, 1989.
On Rehearing October 16, 1990.
On Motion for Rehearing July 2, 1991.
Freedman & Neufeld and Michael J. Eisler, for appellant.
Magill & Lewis and R. Fred Lewis, Miami, Nuzzo & Gonzalez, for appellee.
Before HUBBART, NESBITT and LEVY, JJ.
On Rehearing En Banc October 16, 1990.
PER CURIAM.
This is an appeal by the plaintiff/insured Martin Rabatie from (1) an adverse final summary judgment entered in favor of the defendant/insurer U.S. Security Insurance *1328 Co. in an automobile insurance coverage action filed below, and (2) an order awarding attorney's fees for the defendant/insurer in this action. We affirm in part and reverse in part.
First, we conclude that the trial court correctly entered final summary judgment for the defendant/insurer in this action as the automobile the plaintiff/insured was driving at the time of the subject accident was not a "covered auto" under the insurance policy involved in this case. We reach this result because the plaintiff/insured failed to notify the defendant/insurer that the former had acquired ownership of this automobile within thirty days after becoming the owner of same, as required by the subject insurance policy; the fact that the subject accident occurred and a claim based thereon was filed within the thirty-day period does not, as urged, change this result because there can be no coverage of an after-acquired vehicle under the policy without notification to the defendant/insurer prior to the accident upon which the claim is filed. Garrote v. Liberty Mut. Ins. Co., 496 F.2d 1168 (5th Cir.1974); Reliance Ins. Co. v. D'Amico, 528 So.2d 533 (Fla. 2d DCA 1988); Johnson v. Travelers Indem. Co., 438 So.2d 1045 (Fla. 1st DCA 1983); Lowe v. State Farm Mut. Auto. Ins. Co., 420 So.2d 318 (Fla. 5th DCA 1982).
Second, we conclude that the trial court erred in entering an attorney's fee award in favor of the defendant/insurer under Section 768.79(1)(a), Florida Statutes (1987). We reach this result because the above statute does not provide for an attorney's fee award in the event the defendant, as here, prevails in the underlying action. The subject statute authorizes an attorney's fee award for the defendant only in the event "the judgment obtained by the plaintiff is at least 25 percent less than [an] offer [of judgment]" made by the defendant pretrial, and refused by the plaintiff, § 768.79(1)(a), Fla. Stat. (1987); clearly, then, there must be a judgment for the plaintiff of a particular type, as defined in the statute, in order to award attorney's fees to the defendant. In the instant case, however, there was no "judgment obtained by the plaintiff" of any type; to the contrary, the judgment below was entered in favor of the defendant. This being so, the prevailing defendant herein was not entitled to an attorney's fees award under the statute.
The final summary judgment under review is therefore affirmed; the attorney's fee order under review is reversed.
Affirmed in part; reversed in part.

ON REHEARING EN BANC
COPE, Judge.
We are called on to construe an automobile insurance policy which provides coverage for any additional vehicle the insured acquires during the policy term, so long as the insured notifies the insurance company within thirty days of acquisition. In the present case the newly acquired vehicle was in an accident several days after acquisition, and prior to the insured's notifying the insurer that he had acquired the additional vehicle. The principal question is whether the insurance policy provided immediate coverage subject to a condition subsequent (in which case there is coverage) or whether the notification requirement is a condition precedent to coverage (in which case there is no coverage). We conclude that there was immediate coverage subject to a condition subsequent, and reverse the final judgments in favor of the insurer.
Appellant Martin Rabatie, plaintiff below, owned an automobile which was insured by appellee U.S. Security Insurance Company. While that insurance was in force, Rabatie acquired ownership of an additional vehicle, a pickup truck. Four days later, the pickup truck was struck by another vehicle. Rabatie requested insurance benefits from U.S. Security under a portion of the automobile insurance policy relating to newly acquired vehicles. U.S. Security denied coverage, arguing (1) that *1329 coverage for the accident was precluded because Rabatie had not notified U.S. Security of the acquisition of the pickup truck prior to the accident, and (2) that Rabatie's eventual notification to the insurer did not meet policy requirements. The trial court ruled in favor of the insurer and also granted attorney's fees pursuant to the offer of judgment statute, paragraph 768.79(1)(a), Florida Statutes (1987). A panel of this court affirmed denial of insurance coverage, but reversed on the attorney's fee issue. The case was then reheard en banc.
The policy provision at issue here is a modern or "plain language" version of what has traditionally been known as an "automatic insurance" clause. Such a clause is one which provides interim coverage for a newly acquired vehicle, subject to the requirement that the insurer be notified of the acquisition within a time certain. See generally M. Rhodes & R. Anderson, 12 Couch on Insurance 2d § 45:182  45:185 (1981). The policy provides:
"Your covered auto" means:
(a) Any vehicle shown in the Declarations.
(b) Any of the following vehicles of which you acquire ownership during the policy period, provided that you ask us in writing to insure it within thirty days after you become the owner:

(1) a private passenger auto.
(2) If not used in any business or occupation, a pick-up, sedan delivery or panel truck. If the vehicle replaces one shown in the Declarations, you have to ask us in writing to insure it within thirty days only if you wish Damage to Your Auto Coverage to apply to the replacing vehicle.
(c) Any trailer you own.
(d) Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its breakdown, repair, servicing, loss or destruction.
(Emphasis added).
The initial question is whether the policy required notification to the insurer prior to coverage becoming effective. If so, that would be dispositive of the case, since Rabatie did not advise the insurer about the newly acquired pickup prior to the accident.
We begin with the axiom that insurance policies must be construed against the insurance company, and in favor of the insured and insurance coverage. E.g., Shelby Mut. Ins. Co. v. Manchester, 376 So.2d 266, 268 (Fla. 3d DCA 1979) (where terms of insurance policy are capable of two constructions, construction permitting recovery is to be given effect), cert. denied, 388 So.2d 1118 (Fla. 1980); Beasley v. Wolf, 151 So.2d 679, 680 (Fla. 3d DCA 1963) (insurance policies "are to be construed strictly and most strongly against the insurer and liberally in favor of the insured, so as to effect the dominant purpose of payment to the insured.").
In the present case the policy language includes a newly acquired vehicle within the definition of "your covered auto." The policy only requires notification of the insurer within thirty days after acquisition. The interpretation that there is immediate coverage subject to a condition subsequent is certainly a permissible one. That being so, the rules of construction just cited require that we adopt the interpretation which favors the insured and affords insurance coverage.
More important, if the insurer's interpretation were correct, then paragraph (b) would not serve a purpose different from paragraph (a). If coverage begins only after the insurer has been directed to add the additional automobile, then coverage would be predicated on paragraph (a) because the vehicle would then be shown in the amended declarations. Under the insurer's approach, there would be no need for paragraph (b). If, however, paragraph (b) is read as written, then it serves the customary function of an "automatic insurance" clause by providing immediate coverage for a newly acquired vehicle  subject to the condition subsequent that the insurer be notified within thirty days.
The interpretation we adopt is supported by an unbroken line of authority. See 12 *1330 Couch on Insurance 2d § 45:181 et seq. It has long been usual for automobile insurance policies to contain a provision for coverage of newly acquired vehicles. The purpose of such a policy provision is "to meet the necessity for maintaining coverage in the situation arising from the recognized custom among insured owners of acquiring other cars by replacement and new purchases during the life of their policies, and to provide coverage for the newly acquired car at the earliest time the insured needs protection." Id. § 45:184, at 463-64 (footnotes omitted). Such an insurance policy provision is "for the insured's benefit and, together with all other policy provisions, should be construed liberally in the insured's favor." Id. § 45:185, at 464 (footnotes omitted).
While the details of such policy provisions vary, see, e.g., 12 Couch on Insurance 2d § 45:182, the policy language at issue in the present case is typical in providing for coverage while imposing a requirement for notification of the insurer within a time certain. When questions of interpretation have arisen, it has been consistently held that the requirement of giving notice to the insurer "is considered not to be a condition precedent to the taking effect of the automatic coverage provision, but rather to constitute a condition subsequent." 8 P. Kelly, Blashfield Automobile Law & Practice § 320.5 at 24-25 (1987) (footnotes omitted); accord 12 Couch on Insurance 2d § 45:205, at 490. Thus, under such a provision coverage attaches immediately upon acquisition of the after-acquired vehicle. 8 Blashfield Automobile Law & Practice § 320.5 at 25. The purpose of the notification requirement is to permit the insurer to "adjust the premium accordingly to reflect the change in the risk assumed." 12 Couch on Insurance 2d § 45:183, at 461. Thus, although the insurance is effective immediately upon delivery of the newly acquired vehicle, the coverage is not "free"; the insurer may adjust the premium retroactively to the date of acquisition.
As a corollary, the newly acquired vehicle "is covered during the period in which notice is to be given, even if [the] insured has not given the required notice to the company at the time of the accident." 8 Blashfield Automobile Law & Practice § 320.5 at 25; accord 6B J. Appleman, Insurance Law & Practice, § 4293, at 182-84 (1979) ("An accident occurring before lapse of such notice period has therefore been held covered, whether or not notice has been given"); Annot., Construction & Application of "Automatic Insurance" or "Newly Acquired Vehicle" Laws ("Replacement," and "Blanket," or "Fleet" Provisions) Contained in Automobile Liability Policy, § 2, 39 A.L.R. 4th 229, at 240 (1985) ("The courts ... are likewise unanimous in expressing the view that such failure by the insured [failure to give notice of acquisition of new vehicle] does not affect automatic coverage for liability arising during the notice period... .").[1]
The approach just outlined was followed in Silverstein v. Liberty Mutual Insurance Co., 505 F.2d 158 (5th Cir.1974). There the insured owned an inoperable automobile which was not listed on the insurance policy. After it became operable, but within the thirty-day notification period, the insured was in an accident. Applying Florida law, the fifth circuit held that there was newly acquired automobile coverage given the fact that the thirty-day notice period had not expired at the time of the accident. Id. at 160. See also Beasley v. Wolf, 151 So.2d at 681 (analogous policy provision provided immediate coverage; under the particular policy, coverage existed even though no notification until after expiration of 30 days); cf. Johnson v. Travelers Indemnity Co., 438 So.2d 1045, 1046 (Fla. 1st DCA 1983) (distinguishing Beasley *1331 policy language; requiring notification within 30 days).
The cases relied on by the insurer are inapposite. In the cases relied on by U.S. Security there was simply no notification at all within the required thirty-day period; thus the condition subsequent had not been satisfied and there was held to be no coverage. See Garrote v. Liberty Mut. Ins. Co., 496 F.2d 1168, 1170 (5th Cir.1974) (no notification within 30 days); Reliance Ins. Co. v. D'Amico, 528 So.2d 533 (Fla. 2d DCA 1988) (same); Johnson v. Travelers Indemnity Co., 438 So.2d at 1046 (same); Lowe v. State Farm Mut. Automobile Ins. Co., 420 So.2d 318 (Fla. 5th DCA 1982) (same). The authorities simply do not support U.S. Security's argument that notification of the insurer is a condition precedent to coverage.
The insurer has attempted to distinguish the adverse body of decisional law on the ground that the insurance policy at issue here is worded differently than those discussed in the reported decisions. There is great irony in that argument. The reason that the present insurance policy is worded differently is because of the movement to "plain language" insurance policies, a measure that was intended primarily to benefit insureds. Although it is true that the present policy is worded differently  and in certain respects more clearly  than traditional automatic insurance clauses, the basic pattern of acquisition of a new automobile, followed by notification to the insurer, is the consistent theme of the various policies and the decided cases thereunder. As the automatic insurance clause is a common, if not universal, feature of automobile insurance policies written in this state, the present controversy has a potentially substantial impact. We conclude that the policy provides automatic coverage upon the acquisition of ownership of the additional vehicle, subject to the condition subsequent that the insurer be notified within thirty days.
U.S. Security next contends that the insured failed to make a written request for insurance within the thirty-day period and therefore the condition subsequent has not been satisfied. It is undisputed that there was a written communication to the insurer within the thirty-day period, but it took the form of a letter from the insured's attorney requesting payment of his insurance claim.
The policy provision must be construed in light of its purpose, which is to provide the insurer with notification of the existence of the newly acquired vehicle so that an appropriate premium adjustment can be made. See 12 Couch on Insurance 2d § 45:182, at 461. Plainly, no particular form of words is necessary, so long as the communication identifies the newly acquired vehicle. Here the insured, through counsel, asked for benefits under the policy, which of necessity means that the insured asked for coverage under the policy. The letter unquestionably advised the insurance company of the existence of the newly acquired vehicle, thus allowing the insurer to charge a premium for coverage retroactive to the date of acquisition. Again bearing in mind the principle that we must adopt the interpretation most favorable to the existence of coverage, the letter requesting payment of the claim must be construed as making the coverage request. That reasoning was employed in part in Sheffield v. Aetna Casualty & Surety Co., 57 Misc.2d 559, 293 N.Y.S.2d 213, 218 (Sup. Ct. 1968), and we follow it here.
We therefore reverse the final judgment on the coverage issue and remand for further proceedings consistent herewith.[2] As the underlying judgment on the merits is reversed, we also reverse the related judgment in favor of the insurer for attorney's fees and costs under the offer of judgment *1332 statute, section 768.79, Florida Statutes (1989).[3]
BARKDULL, HUBBART, NESBITT, BASKIN, FERGUSON, JORGENSON, LEVY, GERSTEN and GODERICH, JJ., concur.
SCHWARTZ, Chief Judge (dissenting).
Even in the light most unfavorable to the insurance company, I cannot fairly read the attorney's claim letter as one which "ask[s] us in writing to insure [the new vehicle]" as required by the clause in issue here. Since that is the case, I think that the cases which hold that coverage is not extended for a newly acquired vehicle when there is no appropriate notice within the thirty day period directly apply. Garrote v. Liberty Mut. Ins. Co., 496 F.2d 1168, 1170 (5th Cir.1974); Reliance Ins. Co. v. D'Amico, 528 So.2d 533 (Fla. 2d DCA 1988); Johnson v. Travelers Indem. Co., 438 So.2d 1045, 1046 (Fla. 1st DCA 1983); Lowe v. State Farm Mut. Auto. Ins. Co., 420 So.2d 318 (Fla. 5th DCA 1982). I therefore dissent from the majority's conclusion to the contrary.
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, FERGUSON, JORGENSON, COPE, LEVY, GERSTEN and GODERICH, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
By motion for rehearing the insurer acknowledges that the insured's counsel made a written request for benefits under the policy. The insurer points out, however, that the letter in question only requested benefits, but did not identify the pickup as being the vehicle involved in the accident.
Upon review of the record, we find that the insurer is correct, but it does not change the result. Although the pickup was not identified in the letter, it was identified in counsel's contemporaneous conversation with the insurer. Since the insurer had actual knowledge that the claim related to the pickup, we adhere to the views expressed in the opinion of the court, and deny the motion for rehearing.
SCHWARTZ, C.J., dissents.
NOTES
[1] See, e.g., Republic Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co., 527 F.2d 1002 (4th Cir.1975); Central Nat'l Ins. Co. v. Le Mars Mut. Ins. Co., 294 F. Supp. 1396 (S.D.Iowa 1968); Birch v. Harbor Ins. Co., 126 Cal. App.2d 714, 272 P.2d 784 (Ct.App. 1954); Pendleton v. Ricca, 232 So.2d 803 (La. Ct. App. 1970); Badger State Mut. Casualty Co. v. Swenson, 404 N.W.2d 877, 879 (Minn. Ct. App. 1987); McCarty v. Grange Mut. Casualty Co., 27 Ohio App.2d 181, 273 N.E.2d 345 (Ct. App. 1971); Offerdahl v. Glasser, 5 Wis.2d 498, 93 N.W.2d 362 (1958).
[2] We certify that the question passed upon here is one of great public importance:

WHERE AN AUTOMOBILE INSURANCE POLICY PROVIDES COVERAGE FOR A NEWLY ACQUIRED VEHICLE PROVIDED THAT THE INSURER IS NOTIFIED WITHIN THIRTY DAYS, DOES SUCH A POLICY PROVIDE IMMEDIATE COVERAGE SUBJECT TO THE CONDITION SUBSEQUENT THAT THE INSURER BE NOTIFIED WITHIN THE PRESCRIBED PERIOD?
[3] The panel held that section 768.79(1)(a), Florida Statutes (1989), comes into play only where the plaintiff recovers an affirmative judgment, and not where, as here, there is a judgment for defendant. As that issue is now moot, we express no opinion on the merits and vacate the panel opinion insofar as it did so.