W. SHARP, Judge.
Mary Ann Sterling, the personal representative of the estate of her daughter Lynda, appeals from a final summary judgment determining that she is not entitled to uninsured motorist coverage under an automobile insurance policy issued by Government Employees Insurance Company (GEICO). Lynda died after the motorcycle on which she was a passenger was struck by a hit-and-run vehicle. The motorcycle was titled in Lynda’s name and was not insured. In denying benefits, GEICO relied on a provision in its policy,[1] which excluded benefits for bodily injury while occupying an uninsured auto owned by an insured or a relative.
The trial court held that Lynda was the owner of the motorcycle as a matter of law, and thus the accident was accordingly excluded from coverage. We disagree. There was a material factual issue as to the ownership of the motorcycle.
The record establishes that Lynda’s boyfriend, Steven Miner, had purchased the motorcycle in 1988 while he was married. In February 1989, during his dissolution proceedings, Miner was ordered to sell the motorcycle and turn over the proceeds to his wife. Miner sold the motorcycle to a friend but kept possession and control of the motorcycle. There was no transfer of title. Miner allowed the insurance he had on the motorcycle to lapse.
In March of 1990, Miner met and began dating Lynda. Twenty days later, on March 29, 1990, Miner transferred title of the motorcycle to Lynda. Miner listed the transaction as a gift to avoid paying sales tax. Miner did not recall why he was transferring title to Lynda and did not remember whether he had the intention to permanently transfer title to her. Miner always considered that he would be the owner of the motorcycle. Miner did not charge Lynda anything for the motorcycle, she did not know how to operate the motorcycle, she had never ridden the motorcycle herself and the two never discussed the transfer before or after going to the motor vehicle office. The motorcycle was kept at a storage garage to which only Miner had access.
On April 16,1990, Lynda and Miner were riding the motorcycle when the accident occurred. Mrs. Sterling later made a claim for uninsured motorist benefits against GEICO under a policy issued to her husband, because at the time of the accident, Lynda was living at home with her parents. The Sterlings owned two cars, both insured by GEICO.
GEICO filed a complaint for declaratory relief, seeking a determination that there was no uninsured motorist coverage for Lynda for this accident. GEICO alleged that its policy did not provide uninsured motorist coverage when an insured is injured while occupying an “uninsured auto owned by an insured or a relative.” GEI-CO contended that Lynda was the owner of the motorcycle because she was its legal title holder.
*16 A registered certificate of title establishes only presumptive ownership. Such presumption may be overcome by competent evidence. Nash Miami Motors v. Bandel, 47 So.2d 701 (Fla.1950). In Dixie Insurance Co. v. Detamore, 515 So.2d 1390 (Fla. 5th DCA1987) the insureds were found to have owned a vehicle for purposes of insurance after they paid for it and took possession of it. The later arrival of title certificate was immaterial to the transfer of real ownership. The court held that for purposes of imposing liability for the negligent operation of a vehicle, the holding of mere naked title as security for payment is insufficient to establish ownership of a vehicle. Similarly, in McAfee v. Killingsworth, 98 So.2d 738 (Fla.1957), Cooney v. Jacksonville Transportation Authority, 530 So.2d 421 (Fla. 1st DCA1988), and Register v. Redding, 126 So.2d 289 (Fla. 1st DCA 1961), the courts held that for purposes of imposing liability for the negligent operation of a vehicle, the holding of legal title as security is insufficient to establish ownership of an automobile.
Various statutory provisions likewise define the “owner” as the holder of legal title or the purchaser or lessee in the event the motor vehicle is the subject of an agreement for sale or lease or as any person controlling any motor vehicle by right of purchase, gift, lease or otherwise. See, e.g., §§ 316.003(26); 320.01(3); 324.021(9); 627.732(3), Fla.Stat. (1989). Here Lynda had bare legal title to the motorcycle but Miner never relinquished control of the motorcycle and had all other indicia of ownership. At least a material fact question remained to be resolved below as to which of the two was the actual owner of the motorcycle.
Since this case must be reversed and remanded for further proceedings, we note there may also be a question of law as to the applicability of GEICO’s policy exclusion to an accident involving a motorcycle, as opposed to an automobile. Although argued to us on appeal, this issue was neither briefed nor argued to the trial court. We decline to treat this as fundamental error and rule on this matter in advance of its first being raised at the trial court level. Accordingly, this cause is reversed and remanded for further proceedings.
REVERSED and REMANDED.
DAUKSCH and DIAMANTIS, JJ., concur.

. GEICO’s policy stated:
2. Bodily injury to an insured while occupying or through being struck by an uninsured auto owned by an insured or a relative is not covered, (emphasis supplied).