BURGER, R.T., Associate Judge.
 

 Birmingham Fire Insurance Company n/k/a AIG Casualty Company (“Birmingham”) appeals from a final summary judgment entered against it on Edwin Rosado’s complaint for declaratory judgment. We reverse.
 

 Summary judgment is only appropriate where, in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c);
 
 Delta Fire Sprinklers, Inc. v. OneBeacon Ins. Co.,
 
 937 So.2d 695, 697-98 (Fla. 5th DCA 2006). Our standard of review is de novo. Where the interpretation or construction of a written instrument and the legal effect to be drawn from the instrument are at issue, the appellate court is not restricted in its ability to reassess the meaning and effect of the instrument and may reach a conclusion contrary to that reached by the trial court.
 
 Am. Equity Ins. Co. v. Van Ginho-
 
 
 *898
 

 ven,
 
 788 So.2d 388, 390 (Fla. 5th DCA 2001).
 

 Rosado was a passenger in a vehicle driven and owned by Pedro Rivera, Jr. (“Rivera Jr.”), when the vehicle was involved in an accident with an uninsured motorist. Rosado sued Rivera Jr. and Birmingham to recover for injuries he sustained in the accident. Count II of the complaint sought a declaration that at the time of the accident, Rivera Jr.’s vehicle was insured by Birmingham. Birmingham denied coverage of Rivera Jr.’s vehicle, contending that it insured instead a vehicle owned by Pedro Rivera, Sr. (“Rivera Sr.”), Rivera Jr.’s father. Rosado then sought coverage arguing that because Rivera Jr. was a co-owner of his father’s covered vehicle, Rivera Jr. was an insured under his father’s policy.
 

 The Birmingham policy insuring Rivera Sr.’s vehicle specifically covers joint owners of an insured vehicle, as follows:
 

 I. Joint Ownership Coverage
 

 For the purpose of joint ownership coverage as provided by this endorsement, the following applies.
 

 A. Definitions
 

 The Definitions section is amended as follows:
 

 1. The following is added to the definition of
 
 you
 
 and
 
 your:
 

 a.
 
 You
 
 and
 
 your
 
 refer to the named insured shown on the
 
 Declarations Page
 
 and one or more:
 

 (1) Individual, other than husband and wife, who reside in the named insureds [sic] household; or
 

 (2)
 
 Non-resident relative;
 
 who jointly own a
 
 your covered auto.
 

 Based on the above policy language, Rosa-do moved for summary judgment on the issue of coverage. In support of that motion, he filed the vehicle registration and application for title, listing both Rivera Jr. and Rivera Sr. as owners of Rivera Sr.’s vehicle. Birmingham attempted to rebut the presumption that Rivera Jr. was an owner of his father’s vehicle by submitting affidavits stating that Rivera Jr. lacked possession or control over the vehicle.
 

 Birmingham correctly cites this Court’s opinion in
 
 Sterling v. Government Employees Insurance Co.,
 
 600 So.2d 14, 16 (Fla. 5th DCA 1992), for the proposition that a registered certificate of title establishes only presumptive ownership, which can be overcome by competent evidence. However, that proposition has no application to the facts of this case where the policy itself addresses the relevant issue. The instant policy’s definition of owner includes “the person [holding] the legal title to the auto.” While neither counsel relied on the policy’s definition, it is dis-positive of whether Rivera Jr. is a joint owner of his father’s vehicle. It is without dispute that Rivera Jr. is listed as an owner on the vehicle’s registration and title application, providing him with legal title to the vehicle. Thus, he meets the policy’s definition of “owner.” Further, because both father and son held legal title to Rivera Sr.’s vehicle, Rivera Jr. is a “joint owner,” as that term is defined in the policy. By the express terms of the policy, therefore, Rivera Jr. was an insured under the policy.
 

 The question remains, however, whether, Rivera Jr.’s separately-owned vehicle was also covered under the policy. The trial court found that it was covered under the “newly acquired auto” provision of the policy. Paragraph J. of the policy provides that a newly acquired auto, defined as one that the insured takes possession of during the policy period (if not covered by another insurance policy), is covered under the policy, subject to certain conditions, including:
 

 
 *899
 
 2. For coverage other than Comprehensive Coverage or Collision Coverage under Part D, a
 
 newly acquired auto
 
 will have the broadest coverage
 
 we
 
 currently provide for any
 
 auto
 
 shown on
 
 your Declarations Paye.
 
 This coverage will begin:
 

 a. On a date
 
 you
 
 become the
 
 owner
 
 if:
 

 (1)
 
 Your newly acquired auto
 
 is in addition to the
 
 autos
 
 shown on
 
 your Declarations Page;
 
 and
 

 (2)
 
 You
 
 ask
 
 us
 
 to add the
 
 newly acquired auto
 
 to this policy within 30 days after
 
 you
 
 become the
 
 owner;
 

 This language is clear and unambiguous. It provides that coverage for any newly acquired auto begins on the date the insured becomes the owner of the auto if the newly acquired auto is an additional auto and the insured notifies the insurer within thirty days of the acquisition. It is undisputed that Rivera Jr. purchased his vehicle on November 22, 2006, and that the accident occurred on December 15, 2006, twenty-three days later. It is also undisputed that Rivera Jr. did not notify Birmingham of the purchase of his vehicle or seek coverage from Birmingham for that vehicle within the thirty-day notice period. Thus, the policy’s condition subsequent was never satisfied, resulting in no coverage for Rivera Jr.’s vehicle.
 
 See Lowe v. State Farm Mut. Auto. Ins. Co.,
 
 420 So.2d 318 (Fla. 5th DCA 1982) (holding newly purchased vehicle not covered where insured did not notify insurer of purchase within notice period required by policy);
 
 see also Rabatie v. U.S. Sec. Ins. Co.,
 
 581 So.2d 1327, 1329-30 (Fla. 3d DCA 1989) (noting that automatic coverage provision for newly purchased vehicle in auto insurance policy provided immediate coverage subject to condition subsequent of notice to insurer of purchase within time certain). The trial court erred in finding that Rivera Jr.’s vehicle was a newly acquired auto covered under the Birmingham policy.
 

 Summary judgment in favor of Rosado is reversed.
 

 REVERSED.
 

 GRIFFIN and ORFINGER, JJ„ concur.