[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11115
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cv-61668-RNS

STEADFAST INSURANCE COMPANY,

Plaintiff - Counter Defendant -Appellee,

versus

THE CELEBRATION SOURCE, INC.,
a Florida corporation,
MICHAEL J. CAMPI,
PAUL M. CAMPI,
DAVID L. CAMPI,

Defendants - Appellants,

E.F.,
a minor, by and through her parents and natural guardians, Robert Frank and Terri
Frank,
ROBERT FRANK,
individually,
TERRI FRANK,
individually,

Defendants – Counter Claimants – Appellants,


JEREMY J. SOTO, et al.,

Defendants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(May 7, 2018)


Before WILSON, JORDAN, and EDMONDSON, Circuit Judges.


PER CURIAM:


In this declaratory judgment action, Defendants[1] appeal the district court's grant of summary judgment in favor of Plaintiff Steadfast Insurance Company ("Steadfast").  The district court concluded that Steadfast owed no duty to defend or to indemnify its insured, The Celebration Source, Inc. ("Celebration"), in an underlying state court tort lawsuit.  No reversible error has been shown; we affirm.

---

[1] Two groups of defendants are involved in this appeal: (1) The Celebration Source, Inc., Michael J. Campi, Paul M. Campi, and David L. Campi (collectively, "the Celebration Defendants"); and (2) Robert Frank, Terri Frank, and their minor child, E.F.

2

Celebration is an event planning company that provides games and rides for special events.  On 17 December 2011, E.F. was injured while riding on a piece of recreational equipment -- called the "Psycho Swing" -- operated by Celebration. At their client's request, Celebration had borrowed the "Psycho Swing" from another vendor for use at the 17 December event.

Robert and Terri Frank, individually and on behalf of E.F., filed the underlying tort lawsuit against the Celebration Defendants in Florida state court.[2] The lawsuit alleges injuries stemming only from the "Psycho Swing."

At the time of the 17 December incident, Celebration was covered under a Commercial General Liability insurance policy issued by Steadfast ("Policy"). Steadfast undertook to defend the Celebration Defendants in the underlying lawsuit under a complete reservation of rights.  Then, Steadfast filed this declaratory judgment action, seeking a declaration that it, in reality, owes no duty to defend or to indemnify the Celebration Defendants in the underlying suit.  The district court granted summary judgment in favor of Steadfast.

We review de novo a district court's grant of summary judgment, applying the same legal standards as the district court.  Whatley v. CNA Ins. Cos., 189 F.3d 1310, 1313 (11th Cir. 1999).  Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no

_____

[2] Although additional defendants are also named in the underlying state court action, only the Celebration Defendants are parties to this appeal.

3

genuine issue of material fact and compels judgment as a matter of law.  Holloman v. Mail-Well Corp., 443 F.3d 832, 836-37 (11th Cir. 2006).

We are bound by the substantive law of Florida in deciding this diversity case.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  Under Florida law, an insurer owes a duty to defend its insured "when the complaint alleges facts that fairly and potentially bring the suit within policy coverage."  Jones v. Fla. Ins. Guar. Ass'n, Inc., 908 So. 2d 435, 442-43 (Fla. 2005).  "Any doubts regarding the duty to defend must be resolved in favor of the insured."  Id. at 443.  If the alleged facts and legal theories asserted in the complaint fall outside a policy's coverage, no duty to defend arises.  See, e.g., Chicago Title Ins. Co. v. CV Reit, Inc., 588 So. 2d 1075, 1075-76 (Fla. Dist. Ct. App. 1991).  Where there exists no duty to defend, an insurer has no duty to indemnify.  Wellcare of Fla., Inc. v. Am. Int'l Specialty Lines Ins. Co., 16 So. 3d 904, 906 (Fla. Dist. Ct. App. 2009).

The interpretation of a provision in an insurance contract is a question of law subject to de novo review.  Hegel v. First Liberty Ins. Corp., 778 F.3d 1214, 1219 (11th Cir. 2015).  When an insurance policy's language is "clear and unambiguous," it is construed according to its plain language.  Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 33 (Fla. 2000).  In other words, "[i]f the language of an insurance policy is clear, it must be construed to mean what it says and nothing more."  Gen. Sec. Ins. Co. v. Barrentine, 829 So. 2d 980, 981 (Fla. Dist.

Ct. App. 2002).  "Courts have no power to create insurance coverage, if it does not otherwise exist by the terms of the policy."  Id.  If the policy language is ambiguous, however, the policy is "interpreted liberally in favor of the insured and strictly against the drafter who prepared the policy."  Anderson, 756 So. 2d at 34.  "[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect."  Id.

Here, the Policy includes an "Equipment Schedule" which identifies each piece of equipment covered under the Policy.[3]  The "Equipment Schedule" says expressly, "Please note that there is no coverage for any equipment not indicated."

The Policy also includes a Newly Acquired Recreational Apparatus ("NARA") Endorsement.  The NARA Endorsement establishes a "limitation of coverage" for newly acquired equipment.  In pertinent part, the NARA Endorsement includes this language:

> Coverage for "bodily injury" and "property damage" arising out of the ownership, "maintenance," or use of recreational apparatus you "acquire" after the effective date of this policy, shall apply only if the following conditions are met:
>
> . . .
>
> 3.      You tell us within 30 days after you "acquire" the amusement device and/or recreational apparatus that you want us to cover it for Commercial General Liability.

---

[3] The district court concluded that the "Equipment Schedule" formed part of the express terms of the Policy.  The parties do not challenge that determination on appeal.

The plain language of the Policy provides unambiguously that no coverage exists for equipment not listed in the Equipment Schedule.  Consistent with the express terms of the Policy, the NARA Endorsement then sets forth the means by which newly acquired equipment may be added to the Policy.  Under the clear and unambiguous terms of the NARA Endorsement, coverage for newly acquired equipment applies "only if" (among other things) the insured notifies Steadfast within 30 days that it seeks coverage for a new piece of equipment.

Because the Policy language is clear and unambiguous, we construe it "to mean what it says and nothing more." See Barrentine, 829 So. 2d at 981.  Florida courts have routinely ruled that no coverage exists for newly acquired equipment when an insured fails to comply with a "clear and unambiguous" 30-day notice provision.  See id. at 982 (concluding that policy language that extended coverage to newly acquired cars, only if the insured reported the car, was not ambiguous: the insured had a duty to report a new car to the insurer before coverage would apply); Reliance Inc. Co. v. D'Amico, 528 So. 2d 533, 535 (Fla. Dist. Ct. App. 1988) (because the insured failed to comply with the "clear and unambiguous" 30-day notice requirement, the newly acquired equipment was never covered under the policy); Johnson v. Travelers Indem. Co., 438 So. 2d 1045, 1046 (Fla. Dist. Ct. App. 1983) (no coverage existed for a newly acquired car because the car was not listed on the policy and the insured failed to notify the insurance company within

6

30 days of acquiring it, in compliance with the "clear and unambiguous" policy language); Lowe v. State Farm Mut. Auto. Ins. Co., 420 So. 2d 318, 319 (Fla. Dist. Ct. App. 1982) (same); see also Garrote v. Liberty Mut. Ins. Co., 496 F.2d 1168, 1169-70 (5th Cir. 1974) (same).

Defendants contend, however, that the 30-day notice provision in this case should be construed as providing "automatic coverage" to all newly acquired equipment during the 30-day notice period. In support of their position, Defendants rely on Rabatie v. U.S. Sec. Ins. Co., 581 So. 2d 1327 (Fla. Dist. Ct. App. 1990).[4] In Rabatie, the state court construed an ambiguous term in an auto insurance policy. The policy defined "Your covered auto" to mean both (1) cars listed in the policy's Declarations and (2) newly acquired cars "provided that you ask us in writing to insure it within thirty days after you become the owner." 518 So. 2d at 1329. The Rabatie court determined that one "permissible" interpretation was that the policy provided "immediate coverage subject to a condition subsequent": that the insured provide notification within 30 days. Id. The court noted that, if the policy were to be construed to require notification before coverage began, then all covered cars would be listed in the policy Declarations, rendering meaningless the second definitional section. Id. Applying the common

---

[4] Defendants also rely on a plurality opinion of the Florida Supreme Court in State Farm Mut. Auto. Ins. v. Curran, 135 So. 3d 1071 (Fla. 2014). That case -- which involved a compulsory medical examination provision in an uninsured motorist insurance contract -- is clearly distinguishable from this case.

law rules of construction for insurance contracts, the court construed the policy according to the interpretation that both favored the insured and that gave each provision its full meaning. Id.

Unlike the insurance policy in Rabatie, the 30-day notice provision at issue here contains no ambiguity.[5] Thus, we construe the language according to its plain meaning and need not resort to the rules of construction applied by the state court in Rabatie.

That the "Psycho Swing" was not listed in the Policy's Equipment Schedule is undisputed. Celebration also concedes that it provided no notice to Steadfast within the 30-day period that it wanted Steadfast to provide coverage under the Policy for the "Psycho Swing." Because Celebration failed to satisfy the conditions set forth in the NARA Endorsement for adding newly acquired equipment, no coverage existed under the Policy for bodily injuries arising out of ownership, maintenance, or use of the "Psycho Swing." The allegations in the underlying state court lawsuit thus fall outside the Policy's coverage. The district court concluded correctly -- as a matter of Florida law -- that Steadfast owes no duty to defend or to indemnify the Celebration Defendants in the underlying state

---

[5] For the same reason, this case is also distinguishable from the decision in Beasley v. Wolf, 151 So. 2d 679 (Fla. Dist. Ct. App. 1963). There, the state court concluded that the 30-day notice provision was ambiguous (because it was included in a section titled "Premium") and, thus, was compelled to construe the language in favor of the insured.

court action.

AFFIRMED.