**PRUDENTIAL SECURITIES, INC., a Delaware corporation, Plaintiff,**

v.

**Jane Anne EMERSON, Jane Gladden Emerson, Custodian for Jonathan Emerson, and Paul E. Emerson, Defendants.**

**No. 95–1070–CIV–T–17E.**

United States District Court, M.D. Florida, Tampa Division.

March 6, 1996.

Frederick Stewart Schrils, Holland & Knight, Tampa, FL, for plaintiff.

James D. Keeney, Namack, Clark & Keeney, P.A., Sarasota, FL, for Jane Anne Emerson, Jane Gladden Emerson, Paul E. Emerson.

### ORDER ON DEFENDANTS' MOTION FOR REHEARING

KOVACHEVICH, Chief Judge.

This cause comes before the Court on the following motion, response, and supporting material:

1. Jane Anne Emerson's, Jane Gladden Emerson's, Custodian for Jonathan Emerson, and Paul E. Emerson's (hereinafter the Emersons) Motion for Rehearing, filed December 4, 1995 (Docket No. 17).

2. The Emersons' Memorandum in Support of Motion for Rehearing, filed December 4, 1995 (Docket No. 18).

3. Prudential Securities Incorporated's (hereinafter Prudential) Memorandum in Opposition to the Emersons' Motion for Rehearing, filed December 18, 1995 (Docket No. 19).

### BACKGROUND

In 1993, the Emersons and Prudential submitted a dispute over two (2) variable appreciable life insurance policies to arbitration. The parties signed a Uniform Submission Agreement (USA), which incorporated by reference the NASD's Uniform Code of Arbitration (the Code). On April 5, 1995, a panel of three (3) NASD arbitrators awarded the Emersons a total of $96,964.00.

On July 6, 1995, Prudential moved to vacate the arbitration award. In its motion,

Prudential argued that the arbitrators erroneously decided the issue of whether the Emersons' policy claims were arbitrable. Prudential asserted that this Court should determine arbitrability, because the parties did not clearly and unmistakably agree otherwise. In addition, among its other points, Prudential argued that the Emersons' policy claims were not arbitrable under Section 1 of the Code because they constituted "disputes involving the insurance business of any member which is also an insurance company." Prudential's Memorandum in Support of Motion to Vacate Arbitration Award at 18 (Docket No. 2).

In response, the Emersons asserted that the parties clearly and unmistakably agreed to arbitrate arbitrability. As support, the Emersons pointed to language in the USA and Section 12(b) of the Code. Although responding to Prudential's other points, the Emersons' did not address whether their policy claims were "insurance" and thus not arbitrable under Section 1 of the Code. *See* The Emersons' Reply to Prudential's Motion to Vacate Arbitration Award at 8–16 (Docket No. 15).

On November 16, 1995, this Court vacated the arbitration award with respect to the Emersons' policy claims. *Prudential Securities, Inc. v. Emerson,* 905 F.Supp. 1038, 1046 (M.D.Fla.1995). More specifically, the Court held that it should decide arbitrability because the parties "did not clearly agree to be bound by the arbitrators' decision as to arbitrability of the insurance claims." *Id.* at 1043. Reaching the arbitrability issue on its merits, this Court then found that the Emersons' "insurance" claims were not arbitrable under Section 1 of the Code. *Id.* at 1046.

In the motion at bar, the Emersons ask this Court to reconsider its Order. As support, the Emersons raise two (2) new arguments, but advance no excuse for failing to raise them earlier. First, the Emersons argue that the Court should look at Section 35 of the Code as more evidence of the parties' intent to arbitrate arbitrability. Section 35 of the Code, incorporated by reference in the parties' USA, states that "[t]he arbitrators shall be empowered to interpret and determine the applicability of all provisions" under the Code. The Emersons claim that "[w]hen the [USA] is read *in pari materia* with Sections 1, 12, and 35 of [the Code], it constitutes 'clear and unmistakable evidence' that the parties agreed to arbitrate the issue of arbitrability." The Emersons' Memorandum in Support of Motion for Rehearing at 3 (Docket No. 18). As support, the Emersons advance *PaineWebber, Inc. v. Landay,* 903 F.Supp. 193 (D.Mass.1995).

As their second new argument, the Emersons argue that their variable appreciable life insurance policies are not "insurance" within the meaning of Section 1 of the Code. Rather, the Emersons assert that their policies are "securities." As support, the Emersons advance *SEC v. Variable Annuity Life Insurance Co. of America,* 359 U.S. 65, 71–72, 79 S.Ct. 618, 621–22, 3 L.Ed.2d 640 (1959) (holding that variable annuities are not "insurance" under the McCarran–Ferguson, Securities, and Investment Company Acts), and *NationsBank of North Carolina v. Variable Annuity Life Insurance Co.,* —— U.S. ——, ——, 115 S.Ct. 810, 815, 130 L.Ed.2d 740 (1995) (holding that all "annuities are properly classified as investments, not 'insurance'" under the National Bank Act).

## THE STANDARD FOR REHEARING

■ District Courts are granted broad discretion to amend prior decisions. *See, e.g., O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th Cir.1992); *American Home Assurance Co. v. Glenn Estess & Associates, Inc.,* 763 F.2d 1237, 1239 n. 2 (11th Cir.1985). This Court will not alter a prior decision absent a showing of "clear and obvious error" where "the interests of justice" demand correction. *American Home,* 763 F.2d at 1239. Motions for rehearing "should not be used 'to raise arguments which could, and should, have been made'" earlier. *Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir.1990) (quoting *FDIC v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)). Indeed, "[a] district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Lussier,* 904 F.2d at 667. The Court's reluctance to hear new arguments is based on the notion that

district courts are too busy to have parties present arguments one by one. *Id.* Also, if district courts allowed parties to raise new arguments post-order, they would be affording parties "two bites at the apple." *American Home,* 763 F.2d at 1239.

A party may raise new arguments in a motion for rehearing only under special circumstances. For example, if a district court enters an order within six months after the passage of legislation, then the rehearing movant may argue that the order clearly contradicts the new law. *Lussier,* 904 F.2d at 667–68 (the "new law" exception). Also, a district court should hear new arguments if refusing to do so would "impede[ ] important federal law policies." *O'Neal,* 958 F.2d 1044, 1049 (Johnson, J., dissenting) (arguing that the district court abused its discretion by refusing to hear the movant's new ERISA preemption argument) (the "federal policy" exception).

## AGREEMENT TO ARBITRATE ARBITRABILITY

The Court will not consider the Emersons' new argument regarding the parties' agreement to arbitrate arbitrability. Although the *PaineWebber* case was decided in September, 1995, it does not qualify for the "new law" exception. In fact, the *Paine-Webber* district court rejected the Eleventh Circuit's position in its holding. *See Paine-Webber,* 903 F.Supp. at 199–203. Therefore, while *PaineWebber* may be "new," it does not reflect the "law" of this circuit.

Even if this Court were to reach the Emersons' new argument about Section 35 of the Code, the Eleventh Circuit has already rejected a similar one in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen,* 62 F.3d 381 (11th Cir.1995). In *Merrill Lynch,* the court characterized Section 35 as a "general contract term" and held that it did not constitute "clear and unmistakable evidence" that the parties agreed to arbitrate arbitrability. *Id.* at 384. Therefore, *Merrill Lynch* dictates that this Court reject the Emersons' argument because they and Prudential incorporated the Code into their arbitration agreement just as the *Merrill Lynch* parties did. *Id.* at 384 n. 3.

## THE CODE'S INSURANCE EXEMPTION

The Court also denies consideration of the Emersons' new argument about their policies being "securities" rather than "insurance." Just as the Emersons did not explain why they were raising a new argument regarding the parties' agreement to arbitrate arbitrability, they did not explain why they were raising a new argument regarding Section 1 of the Code. In addition, the Emersons' cited cases do not fall under the "new law" exception. The Supreme Court decided *SEC* in 1959 and *NationsBank* in January, 1995. Just as it does not meet the "new law" exception, the Emersons' new argument does not meet the "federal policy" exception. *SEC* and *NationsBank* dealt with annuities. The Emersons purchased variable appreciable life insurance policies. Therefore, denying to rehear the Court's decision that the Emersons' policies were "insurance" certainly does not "impede important federal policies."

Even if the Court were to consider the Emersons' new argument about Section 1 of the Code, the Emersons have failed to show any "clear and obvious" error by the Court. As noted above, *SEC* and *Nations-Bank* dealt with annuities rather than variable appreciable life insurance policies. Also, those cases did not interpret "insurance" within the meaning of Section 1 of the Code. In fact, the Emersons have failed to advance any authority for the notion that variable appreciable life insurance policies are not "insurance" under the Code. Accordingly, it is

**ORDERED** that the Emersons' Motion for Rehearing (Docket No. 17) be **DENIED.**

**DONE AND ORDERED.**