John ELOIAN, D.O., Plaintiff,

v.

The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, a New York corporation; and Physicians Planning Service Corp., a Florida corporation, Defendants.

No. 96–336–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Nov. 25, 1996.

Richard B. Wilkes, Gardner, Wilkes, Shaheen & Candelora, Tampa, FL, for John Eloian, D.O., plaintiff.

---

Brett J. Preston, Hill, Ward & Henderson, P.A., Tampa, FL, for Mutual Life Ins. N.Y., a New York corporation, defendant.

W. Gray Dunlap, Jr., Frank, Schabacker, Gramling, Simmons & Dunlap, Tampa, FL, for Physicians Planning Service Corp., a Florida corporation, defendant.

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION, ALTERNATIVE MOTION FOR LEAVE TO AMEND, AND MEMORANDUM IN SUPPORT

KOVACHEVICH, District Judge.

This matter is before the Court on John Eloian's (Plaintiff) Motion for Reconsideration, or in the Alternative Motion for Leave to Amend, and Memorandum in Support. (Docket No. 28).

### BACKGROUND

In 1970, Plaintiff purchased disability insurance through Physicians Planning Service Corporation (Physicians Planning). From May 1, 1983 through May 1, 1988, Plaintiff's coverage was provided by Centennial Life Insurance Company ("Centennial").

On August 9, 1983, Plaintiff was seriously injured as a result of an automobile accident. At the time of the accident, Centennial's policy provided for life time benefits to be paid to insured in the event he became permanently disabled.

On May 1, 1986, Centennial issued a replacement policy which provided for accident benefits to be paid only to age 65. The replacement policy stated that benefits would be paid for any injury which occurred prior to May 1, 1986, under the terms of the previous policy.

On May 1, 1988, Physicians Planning replaced Centennial's policy with a policy issued by Defendant Mutual Life Insurance Company of New York (MONY). The MONY policy provided for benefits to be paid for seven (7) years or to age 65, but did not state what benefits would be paid to compensate an insured for an injury which occurred prior to the policy's effective date.

On or about July 12, 1988, it was determined that Plaintiff had been permanently disabled as a result of the 1983 accident and Plaintiff made a claim for disability benefits. Defendant MONY agreed that Plaintiff was entitled to receive benefits on account of his permanent disability and paid Plaintiff benefits for seven (7) years. Defendant MONY has refused to pay Plaintiff the lifetime benefits which Plaintiff believes he was entitled to receive under the policy.

Plaintiff brought a Complaint against Defendants Mutual and Physicians Planning before the Court alleging claims for breach of contract, breach of covenant of good faith, reformation, declaratory judgement, specific performance, unjust enrichment and negligent misrepresentation.

On July 18, 1996, the Court held that the contract in question was clear on its face and that Plaintiff was only entitled to receive benefits for seven (7) years. (Docket No. 27 at 5). In addition, the Court noted that "Plaintiff was allowed to examine the certificate of insurance for thirty (30) days without obligation." Id. The Court therefor found that there was no breach of contract by the Defendants and that the remaining counts asserted by the Plaintiff were moot. Id.

Subsequently, Plaintiff has filed this Motion for Reconsideration, or in the Alternative Motion for Leave to Amend alleging that the Court's legal conclusions in its Order to Dismiss were "clearly erroneous". (Docket No. 28 at 1).

### Standard of Review

The proper standard of review for the Court when considering a motion to reconsider is set forth in Prudential Securities, Inc. v. Emerson, 919 F.Supp. 415 (M.D.Fla.1996). The Court in Prudential held that "[a] Court will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." Id. (quoting American Home Assurance Co. v. Glenn Estess & Associates, Inc., 763 F.2d 1237, 1239 n. 2 (11th Cir.1985)). Furthermore, the Court held that motions for reconsideration "should not be used to raise arguments which could, and should, have been made." See Prudential 919 F.Supp. at 417.

## Summary of Discussion

Upon careful consideration of the Plaintiff's Motion for Reconsideration or in the Alternative Motion for Leave to Amend and Memorandum in Support (hereafter 'Motion for Reconsideration') and the Defendants memorandums filed in opposition, the Court hereby **denies** the Plaintiff's Motion for Reconsideration.

Upon review of all the arguments presented to the Court in this matter, it is apparent that the Plaintiff's Motion for Reconsideration should be denied primarily, but not solely, on three different grounds: 1) Plaintiff, through a letter he acknowledges receiving, was clearly aware that his policy coverage had been affected by the transfer of policies from Centennial Life Insurance Company (Centennial) to the MONY Policy and also had a thirty (30) day grace period to review and reject the MONY Policies changes in coverage; 2) even if the benefits and the terms on the Centennial Policy are ruled as being in effect today, the terms and conditions set forth in the Centennial Plan do not grant the lifetime benefits that the Plaintiff is requesting; and 3) Plaintiff has not presented satisfactory evidence that the Court's previous decision was 'clearly erroneous' where the interests of justice demands reconsideration.

## Discussion

Plaintiff's Motion for Reconsideration alleges that Physicians Planning had a duty to provide Plaintiff with any pertinent information concerning any and all changes which might occur in Plaintiff's coverage due to the change of policy carriers from Centennial to MONY. *See Plaintiff's Motion to Reconsider at 11.* Plaintiff further alleges that Physicians Planning violated that duty by not properly informing the Plaintiff that his benefits under the MONY policy concerning full disability due to accidental injury had changed significantly from that of alleged

lifetime benefits to that of only seven (7) years of benefits. Currently, MONY has payed for the seven (7) years of benefits to Plaintiff, as expressly set forth in its policy, and is now maintaining the position that full benefits have been received by the Plaintiff and its contractual duties have therefor been fully discharged.

■ Plaintiff correctly cites Florida law as holding an individual or entity liable for not divulging pertinent information under circumstances where it had a legal duty to divulge such information. *See Lanz v. RTC,* 764 F.Supp. 176, 179 (S.D.Fla.1991). However, the facts in this case, facts clearly stipulated to by the Plaintiff, do not support this allegation. Even if the Court assumes that Physicians Planning did owe a duty to inform the Plaintiff of any pertinent changes in his policy coverage,[1] that duty was summarily discharged upon delivery of a letter dated April, 1988, of which the Plaintiff clearly acknowledges receiving. *See Plaintiff's Amended Complaint Exhibit E.* This letter clearly explains, under the sub-heading "Synopsis of Major Benefit Changes", all differences between the Centennial Policy and the terms of the MONY policy which affect the Plaintiffs coverage terms.[2]

The letter not only identifies the differences between the two policies, but also guarantees the Plaintiff a thirty (30) day examination period to review and reject the policy prior to it taking effect as the Plaintiff's new policy.[3] Regardless of whether Plaintiff fully read the letter which he acknowledges receiving, if Physicians Planning actually possessed a duty to inform, it fully discharged itself of that duty through the mailing of the above mentioned letter. *See Reliance Ins. Co. v. D'Amico* 528 So.2d 533, 535 (Fla. 2d Dist.Ct.App.1988) (holding that insured bound by policy terms notwithstanding his failure to read the policy before signing it).

---

1. Plaintiff's Motion to Reconsider fails to allege new facts establishing any relationship between the Plaintiff and Physician's Planning that would create a duty to inform Plaintiff of any changes between the policies. Plaintiff's personal reliance on Physician's Planning for insurance coverage does not, in and of itself, create a duty to inform. Nevertheless, any duty was effectively

discharged by the letter dated April 1988 and marked Exhibit E in Plaintiff's Amended Complaint.

2. *See id.*

3. *Id.*

Plaintiff further alleges that he is entitled to collect from MONY the full benefits entitled to him as outlined under the Centennial Policy with regard to injuries sustained during the policy period which result in full disability of the policy holder. *See Section II of Plaintiff's Motion for Reconsideration.* Plaintiff therefore claims that MONY owes the Plaintiff 'lifetime' benefits due to him based on his July, 1988, diagnosis as being fully disabled. Plaintiff's argument fails because even if the Centennial Policy is ruled to be in effect and its terms must be honored by MONY, its specific terms do not grant the Plaintiff 'lifetime' benefits.

The Centennial Policy clearly states that an individual policy holder is entitled to receive 'lifetime' benefits due to a bodily injury only if that bodily injury causes full disability of the policy holder within sixty (60) days of the injuries' occurrence. *See Exhibit B of Plaintiff's Amended Complaint.* The Plaintiff was injured on August 9, 1983, but was not diagnosed as being fully disabled until July 12, 1988. This is almost five (5) years after the injury occurred which is clearly greater than the sixty (60) day time period required under the Centennial Policy for receiving full lifetime benefits coverage. Therefore, even if the Centennial policy and all of its terms is applicable today and must be honored by MONY, the Plaintiff's new insurance carrier, the Plaintiff would still not be eligible to receive lifetime benefits coverage due to the fact that the allowable time period between the occurrence of the injury and the diagnosis of full disability is sixty (60) days, a time frame much shorter than the actual time period which occurred in the Plaintiff's current situation.

Furthermore, the Court finds that whereas the Plaintiff has alleged in its motion for reconsideration that the Court's previous decision was 'clearly erroneous', the Court finds that Plaintiff has failed to bring forth satisfactory arguments which substantiate that claim.

---

4. Plaintiff has correctly stated that the law does allow a Court to grant a motion to amend in the interest of justice. *See Sawinski v. Bill Currie Ford, Inc.,* 866 F.Supp. 1383, 1385 (M.D.Fla. 1994). Nevertheless, Plaintiff fails to present to the Court any such arguments concerning the

Based primarily upon these three factual arguments, and after careful considerations of the parties' other arguments the Court **denies** the Plaintiff's motion for Reconsideration. Furthermore, the Court also **denies** plaintiff's request for leave to amend.[4] Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Reconsideration or in the Alternative Motion for Leave to Amend (Docket No. 28) be **DENIED.**

facts presented in this case. Furthermore, the Court does not find any such reasons before it which suggests the granting of said motion would further the interest of justice as it pertains to this matter.