Gerald GELLES, Plaintiff,

v.

Steven P. SKROTSKY, individually and as Trustee; John E. Smircina, individually and as Trustee, Defendants.

No. 96–1248–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

July 1, 1998.

Paul L. Huey, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, Samuel I. Burstyn, Alberto Ordonez, Law Office of Alberto J. Ordonez, Miami, FL, for Plaintiff.

Steven C. Dupre, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., St. Petersburg, FL, for Defendants.

### ORDER ON PLAINTIFF'S MOTION FOR REHEARING AND DEFENDANT'S MOTION FOR IMPOSITION OF RULE 11 SANCTIONS

KOVACHEVICH, Chief Judge.

This cause is before the Court pursuant to Plaintiff's Motion for Rehearing (Docket No. 75) and Defendants's Response in Opposition thereto (Docket No. 79), as well as Defen-

dants's Motion for Imposition of Rule 11 Sanctions (Docket No. 73) and Plaintiff's Response and Opposition thereto (Docket No. 82). This Court previously granted Defendants's Motion to Dismiss (Docket No. 69), instigating the above Motions.

## STANDARDS OF REVIEW
### Motion for Rehearing

The proper standard of review for the Court when considering a motion for rehearing is set forth in *Prudential Securities, Inc. v.. Emerson,* 919 F.Supp. 415 (M.D.Fla.1996). The *Prudential* court held that, "[a] court will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." *Id.* at 417 (*quoting American Home Assurance Co. v. Glenn Estess & Assoc., Inc.,* 763 F.2d 1237, 1239 (11th Cir. 1985)). Furthermore, the court held that motions for rehearing "should not be used to raise arguments which could, and should, have been made." *Id.* at 417. The motion should also demonstrate *why* the court should reconsider its prior decision, and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294, 294 (M.D.Fla.1993). The Court will *not* reconsider its decision when a motion does not raise new issues, but only relitigates what has already found to be lacking. *See Government Personnel Serv., Inc. v. Government Personnel Mutual Life Ins. Co.,* 759 F.Supp. 792 (M.D.Fla.1991).

### Motion for Rule 11 Sanctions

In the Eleventh Circuit, three types of conduct warrant Rule 11 sanctions: (1)when a party files a pleading that has no factual basis; (2)when a party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3)when a party files a pleading in bad faith or for an improper purpose. *See Didie v. Howes,* 988 F.2d 1097, 1097 (11th Cir.1993). Thus, this Court would have to find that Plaintiff's allegations are false, that he knew that his legal arguments would obviously fail, or that pled his actions with apparent bad faith.

## POSTURE OF THE CASE

Plaintiff Gelles maintains that as a participant and beneficiary of a pension and profit sharing plan "controlled" by Defendants Skrotsky and Smircina, he is entitled under the Employment Retirement Income Security Act ("ERISA") to the removal of said trustees, as well as various other damages.[1] Plaintiff further maintains that as Defendants operated under the control of the Management Group, they have acted as *fiduciaries* to Plaintiff, thus bringing them within the purview of relief under ERISA. Plaintiff alleges Defendants breached such a duty to him in approving various amendments which he asserts they *knew* would adversely affect Plaintiff, and failed to correspondingly either *inform* Plaintiff of said amendments (and their resulting impact on Plaintiff) or to take *independent action* which would serve to protect and preserve the value of the Plan's assets. Plaintiff concludes by alleging that Defendants then filed fraudulent and misleading forms with the Internal Revenue Service, presumably to protect their own interests.

Defendants respond that Plaintiff has conceded that Defendants's "Statement of Undisputed Facts" is, for the most part, accurate. Defendants thereafter argue that based upon these facts, Plaintiff has no claim, and has asserted his action solely in bad faith.

This Court, upon granting Defendants's motion to dismiss, has specifically noted that while many of the actions asserted by Plaintiff have been presumed as alleged,[2] they do not provide Plaintiff with a valid claim for five reasons: (1) Defendants's involvement in the 1993 amendment to the Plans was not performed in their fiduciary capacities and therefore they cannot be held responsible for

---

**1.** The Plaintiff particularly seeks, in addition to removal of the trustees, damages and other equitable and injunctive relief.

**2.** Naturally, this Court assumed Plaintiff's alleged facts were true in considering Defendants's motion to dismiss, as is required (and duly noted by Plaintiff) via *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

breach of these duties under ERISA; (2) any involvement by Defendants in the filing of Form 5300 can also not be subject to ERISA fiduciary review; (3) while defendants may have acted in their capacities as fiduciaries when they allegedly accepted Plan asset values from the Management Group, they did not breach their duties under ERISA by doing so; (4) Defendants's approval of compensation for the Management Group did not constitute a breach of fiduciary duty under ERISA because the decisions were made in their TDA corporate capacities; and (5) the other miscellaneous functions the Defendants allegedly failed to perform were also not part of their fiduciary responsibilities under ERISA. Additionally, and fueling Defendants's motion for Rule 11 sanctions, Plaintiff failed to either respond to Defendant's motion for summary judgment, or to move for an extension of time. Undoubtedly, there exists much "bad blood" between the two parties regarding these proceedings. Nonetheless, this Court will not set aside its previous, prudent decision in the absence of *compelling* argument and case law to the contrary, nor will it rehash the reasoning previously stated in this Court's Motion to Dismiss (Docket No. 69). It is in this context that the Court takes the above two motions under consideration.

## DISCUSSION

### Motion for Rehearing

Plaintiff's first argument in support of rehearing is that Defendants breached their duty of loyalty to him by failing to notify him of management's intention to amend the Plan, leading to changes in his voting rights.[3] Additionally, Plaintiff cites *Fischer v. Philadelphia Elec. Co.*, 1993 WestLaw 510300 (E.D.Pa.), which sets forth the "serious consideration" requirement at which point the imposition of fiduciary duties serves a corporation's best interests. Plaintiff essentially

reiterates the arguments asserted in his complaint as to why the Defendants should be found to have acted within the confines of *fiduciary duty,* which would consequently enable Plaintiff to obtain relief under ERISA.

Fatal to this argument, however, is Plaintiff's failure to address conflicting language in the case—language that acknowledges the difficulty of assessing the existence of a fiduciary duty.[4] As best stated in *Fischer,*

ERISA does not impose a duty of clairvoyance on fiduciaries. ***An ERISA fiduciary is under no obligation to offer precise predictions about future changes to its plan.*** Rather, its obligation is to answer participants's questions forthrightly, ***a duty that does not require the fiduciary to disclose its internal deliberations nor interfere with the substantive aspects of the collective bargaining process.***

*Fischer v. Philadelphia Elec. Co.*, 96 F.3d 1533, 1539 (3d Cir.1996) (*quoting "Fischer I,"* *Fischer v. Philadelphia Elec. Co.*, 994 F.2d 130, 133 (3d Cir.1993)) (*emphasis added*). The court goes on to note the extensive list of other cases [5] which do *not* enforce any such "duty of clairvoyance," nor do they enforce any requirement to disclose internal deliberations. *See Id.*

As noted by Defendants, Plaintiff fails to address the cases most damaging to his position, which by design insinuates his knowledge that they hold directly against him. Specifically, this court cited *Curtiss–Wright Corp. v. Schoonejongen,* 514 U.S. 73, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995), which held that employers and plan sponsors may *freely amend* welfare plans as Defendants did. *See Id.* Similarly, *Ravenscraft v. Hy–Vee Employee Benefit Plan & Trust,* 85 F.3d 398 (8th Cir.1996) followed *Schoonejongen,* holding that the board of directors responsible

---

**3.** Plaintiff cites *Bixler v. Central Pa. Teamsters Health & Welfare Fund,* 12 F.3d 1292, 1300 (3d Cir.1993), specifically, which held in pertinent part that at least one other court found that "the duty to disclose material information 'is at the core of a fiduciary's responsibility.'" (*quoting Eddy v. Colonial Life Ins. Co.,* 919 F.2d 747, 750 (D.C.Cir.1990)).

**4.** Even *had* Plaintiff addressed the argument that belies his position, such an argument would be stale at this point, as motions for rehearing "should not be used to raise arguments which could, and should, have been made." *Prudential,* 919 F.Supp. at 417.

**5.** Cases cited by the *Fischer* court number at least five, and include support by the Sixth Circuit. *See Fischer,* 96 F.3d at 1539.

for Hy–Vee's benefit plan could freely amend the same without being subjected to judicial review.[6] Absent a valid argument to the contrary, this Court cannot find reason to discard and dispense with the ruling handed down by these courts.

Plaintiff's second argument revolves around the contention that Defendants breached their duties of care and diligence in failing to undertake an independent investigation of the Management Group's analyses. For support, he cites § 404 of ERISA, which defines the duties under the *prudent man standard of care*.[7] Plaintiff *fails*, however, to present any arguments concerning the facts of this case, or to challenge the Court's previous Order in any substantive manner. Plaintiff must do more than merely reassert his previous arguments, especially when such arguments involve a tenuous comparison between ERISA guidelines and the facts of this case. In reliance on the above case law, this Court has no other choice than to determine that even if the Defendants are guilty of the acts alleged, they *cannot* be held accountable under ERISA as fiduciaries. Consequently, Plaintiff's Motion for Rehearing must be denied.

*Motion for Imposition of Rule 11 Sanctions*

Defendants move for Rule 11 sanctions based upon the alleged bad-faith motives at the heart of Plaintiff's complaint. Additionally, they argue that the scant substance which comprises Plaintiff's theories mandates Rule 11 sanctions.

Again, the Eleventh Circuit has outlined three prerequisites to the imposition of sanctions. *See Didie*, 988 F.2d at 1097. The movant here must establish that Plaintiff Gelles either lied about the facts, presented a knowingly faulty legal theory, or instituted the action in bad faith. *See Id.* The Court declines further investigation into the facts of the case, as the *facts* have been largely stipulated to.[8] Therefore, Defendants cannot prove that Plaintiff lied about the facts of the case, and sanctions on those grounds accordingly fail.

■ Regarding the *legal theories* presented by the Plaintiff, this Court finds that while faulty, they were not so negligently presented as to warrant sanctions.[9] As the Plaintiff offered dated case law while disregarding more current, persuasive law—and failed to tie the facts of the case to the applicable law—the Plaintiff failed to assert any basis under which he could legally prevail in his action; however, sanctions are not automatically imposed against the losing party of a lawsuit. *See Id.* Sanctions are reserved for cases wherein a party has asserted facts and/or theories that were *known to him* to be false. *See Id.* Here, Plaintiff vociferously maintains the validity of his claim, clinging to a few cases which he argues support his position. While this Court finds that said cases do *not* support Plaintiff's theory, this Court cannot say with certainty that such arguments were made by Plaintiff with the *knowledge* of their falsity. Consequently, sanctions on these grounds fail as well.

Defendants offer Plaintiff's *bad faith* as a final argument in support of sanctions. This is the argument which the Court must consider most gingerly, as hard feelings are

---

6. As Plaintiff fails to address this Court's discussion of *Schoonejongen* and *Ravenscraft*, he also fails to discuss, let alone distinguish, the following: *Lockheed Corp. v. Spink*, 517 U.S. 882, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996); *Johnson v. Georgia–Pacific Corp.*, 19 F.3d 1184 (7th Cir. 1994); *Davidson v. Cook*, 567 F.Supp. 225 (E.D.Va.1983); *Donovan v. Tricario*, 5 EB Cases 205 (S.D.Fla.1984).

7. ERISA states that a prudent man standard of care requires a fiduciary to act with "care, skill, prudence, and diligence under the circumstances that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character with like aims ..." 29 U.S.C. § 1104(a)(B).

8. Further, as is stated, supra, this Court has always assumed the facts alleged by Plaintiff to be true; Defendant's Motion to Dismiss was granted due to lack of legal remedy available to Plaintiff *based upon that set of facts*.

9. This Court notes the finding that one of Defendants's own theories failed previously; namely the theory that this case could *not* be heard by this Court under the doctrine of *collateral estoppel*. *See* Docket No. 69 at 6, 7. The Defendants failed to prove the first prong of the issue preclusion test therein, enabling the Court to proceed in considering subsequent arguments.

reflected in both parties's pleadings in the case *sub judice*. In granting the Defendants's motion to dismiss, this Court took the Plaintiff's allegations as true; in doing so, this Court assumed the Defendants were, indeed, guilty of fraudulent behavior. The Court thereafter found, however, that such behavior—while not to be condoned—did not spell a cause of action for the Plaintiff under ERISA. The Defendants were absolved of liability under ERISA, but that does not entitle them to sanctions under Rule 11. This Court reserves such sanctions for deliberate, frivolous, and wanton causes of action—not merely actions dismissed upon motion.

As Defendants have failed to prove a basis for Rule 11 sanctions in the eyes of this Court, the motion for the same must be denied.

### CONCLUSION

This Court agrees with the Defendants regarding Plaintiff's Motion for Rehearing; the Plaintiff has failed to address the Court's previous decision by failing to cite either new case law *or* new circumstances which should compel this Court to set aside its previous order. Conversely, this Court finds in favor of the Plaintiff regarding the Defendants's Motion for Imposition of Rule 11 Sanctions; such sanctions are reserved as *punishment* for those litigants who blatantly abuse the Court's resources—they will not be imposed lightly against every failing litigant. Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Rehearing (Docket No. 75) be **DENIED** and that the Defendants's Motion for Imposition of Rule 11 Sanctions (Docket No. 73) be **DENIED.**