Melissa McGUIRE, Plaintiff,

v.

The RYLAND GROUP, INC., Defendant.

No. 6:05–CV–1421ORL22KRS.

United States District Court, M.D. Florida, Orlando Division.

July 19, 2007.

Carlos Raul Diez–Arguelles, Orlando, FL, for Plaintiff.

Charles J. Cacciabeve, Christopher Mark Paolini, David E. Cannella, Jason A. Perkins, Keith J. Hesse, Carlton Fields, P.A., Orlando, FL, for Defendant.

## ORDER

CONWAY, District Judge.

This cause comes before the Court for consideration of Plaintiff's, Melissa McGuire, Amended Motion for Reconsideration (Doc. 98), filed July 5, 2007, to which Defendant, The Ryland Group, Inc., has

responded (Doc. 105); and Defendant's Amended Motion for Reconsideration Summary Judgment (Doc. 99), filed July 5, 2007, to which Plaintiff responded (Doc. 106). After careful consideration of the matter, the Court **DENIES** Plaintiff's motion (Doc. 98) and **GRANTS** Defendant's motion (Doc. 99).

Plaintiff contends the Court erred in granting summary judgment on her Florida Deceptive and Unfair Trade Practices Act (FDUTPA) claim. Additionally, Plaintiff claims the Court erred in finding her application to refinance her home admissible as evidence. Defendant argues the Court erred in determining that Plaintiff had an implied warranty. Defendant contends that the Agreement of Sale was clear and specific as to the items that the parties agreed were excluded from any implied warranty.

When evaluating a motion to reconsider, a court should proceed cautiously, realizing that "in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Lamar Adver. of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 489 (M.D.Fla.1999). In accordance with that principle, "a motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *SEC v. Seahawk Deep Ocean Tech., Inc.,* 74 F.Supp.2d 1188, 1192 (M.D.Fla.1999) (internal citations and quotations omitted). This ordinarily requires a showing "of 'clear and obvious error' where the 'interests of justice' demand correction." *Prudential Sec., Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D.Fla.1996) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc.,* 763 F.2d 1237, 1239 (11th Cir.1985)).

"This Court has recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *True v. Comm'r of the I.R.S.,* 108 F.Supp.2d 1361, 1365 (M.D.Fla.2000). A "party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *Villaflores v. Royal Venture Cruise Lines, LTD.,* 1997 WL 728098, *2, 1997 U.S. Dist. LEXIS 18727, *6 (M.D.Fla. Nov. 17, 1997) (internal citations omitted). This Court will not reconsider a ruling based on arguments "which could, and should, have been previously made." *Scelta v. Delicatessen Support Servs., Inc.,* 89 F.Supp.2d 1311, 1320 (M.D.Fla.2000) (internal brackets, citations and quotations omitted). Moreover, this Court will not reconsider a previous ruling when a "party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking." *Lamar Adver. of Mobile, Inc.,* 189 F.R.D. at 489 (citing *Gov't Pers. Serv., Inc. v. Gov't Pers. Mut. Life Ins. Co.,* 759 F.Supp. 792, 793 (M.D.Fla.1991)). "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *See Am. Home Assurance Co.,* 763 F.2d at 1238–39 (internal citations omitted).

Plaintiff seeks reconsideration of two decisions. First, Plaintiff requests this Court to reconsider its decision to grant summary judgment against Plaintiff in her Florida Deceptive and Unfair Trade Practices Act (FDUTPA) claim. The Court determined that Plaintiff's FDUTPA claim failed because she did not present any evidence that a house coated in Textured Cementitious Finish (TCF) dif-

fered in value than a house coated in stucco. The only new evidence Plaintiff submits is that she believed that she would not have been able to sell her home. This evidence is still inadequate. She does not give a monetary figure as to the fair market value of her home or even affirmatively state that she attempted to sell the property and there were no offers. The only competent evidence on this topic is the third party appraisal, which shows that Plaintiff's home, with its TCF exterior, was worth $354,000–nearly twice as much Plaintiff had paid for the house two years prior.

■ Next, Plaintiff contends this Court should exclude the any reference to Plaintiff refinancing her home in May 2006. Plaintiff argues that the mortgage documentation was not held to the rigors of the *Daubert* standard. Plaintiff claims that the appraisal report, which the Plaintiff obtained independent of this litigation, is an expert report that must meet the *Daubert* standard. Putting aside the daft nature of this argument for a moment, the Court notes that a party must request a *Daubert* hearing if she plans to challenge an expert's report or testimony. The time to file a *Daubert* motion has come and gone. Doc. 28 at 1.[1]

■ Furthermore, the appraisal is highly relevant, if not dispositive, to Plaintiff's diminished value claim.[2] It was the Plaintiff, not Defendant, who sought and obtained the appraisal. She relied on it to value her home in the course of seeking a refinanced mortgage. As to its reliability, Plaintiff contends that the report is not reliable because Plaintiff failed to disclose the damage to the home when she applied to refinance the home. To the contrary,

the Court finds this ·evidence highly reliable.. Plaintiff refinanced her mortgage independent of her actions in the instant case, i.e. the mortgage application was not procured for the purpose of litigation but in the ordinary course of business. If this evidence is as dubious as Plaintiff alleges she can flesh the discrepancies out by " '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof[,] [which] are the traditional and appropriate means of attacking shaky but admissible evidence.' " *Allison v. McGhan Med.Corp.,* 184 F.3d 1300, 1311 (11th Cir.1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.* 509 U.S. 579, 596, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). For instance, Plaintiff could show that the appraisal should not be afforded much weight because Plaintiff intentionally lied about being involved in any law suits and she did not inform Wells Fargo that the home had sustained water intrusion. Plaintiff's motion is denied.

■ Turning to Defendant's motion to reconsider, Defendant claims that in its June 20, 2007 Summary Judgment Order (Doc. 88) the Court did not consider the performance standards section of the Ryland Home Warranty. The section lists seventy-one potential problems that could occur in Plaintiff's home·and that would be covered by the Defendant's warranty. Defendant accuses the Court of ignoring these performance standards when evaluating the implied warranty on summary judgment. Curiously, Defendant ignored the performance standards in its cursory five paragraph implied warranty defense. Doc. 57–1 at 11–12. Although Defendant submitted the performance standards as

---

1. As the case management report states the deadline for a *Daubert* motion was February 1, 2007. Doc. 28 at 1.

2. Just because the report will be admitted does not precluded Plaintiff from testifying to the reputed differences in refinance value and sell value of a home.

part the copious documentation accompanying its motion for summary judgment (Doc. 57) it directed the Court no further than its blanket disclaimer that the express warranty is the only warranty sufficed in avoiding an implied warranty. "To prevail on a summary judgment motion, the moving party carries the initial burden of demonstrating to the court that no genuine issue of material fact exists." *O'Ferrell v. U.S.*, 253 F.3d 1257, 1265 (11th Cir.2001).

Defendant argued at summary judgment and again in its reconsideration motion that an implied warranty can be disclaimed when the general disclaimer is bold and conspicuous and specific to implied warranties. Defendant cites to *Belle Plaza Condo. Ass'n, Inc. v. B.C.E. Development, Inc.*, 543 So.2d 239, 240 (Fla. 3rd DCA 1989), for this proposition. The *Belle Plaza* case, unlike *Hesson* and the Florida Supreme Court case *Gable v. Silver*, 258 So.2d 11, did not involve a home owner but a homeowners' association. Additionally, the *Belle Plaza* case dealt with an express warranty, not an implied warranty. To apply the *Belle Plaza* to the facts of the instant case would run counter to Florida's "liberal policy of allowing litigants their day in court on suits involving breaches of implied warranty of fitness and merchantability." *Gable*, 258 So.2d at 14. Defendant's general disclaimer argument did not carry its burden.

In its motion to reconsider, Defendant asserts the Ryland Warranty performance standards as dispositive because they "reflect both parties' expectations as to what specific items are not impliedly warranted." *Id.* at 14. Defendant contends that the performance standards clearly lay out which items it is responsible for and which items Plaintiff is responsible for. The parties can mutually agree to reallocate risks

"if the disclaimer is in clear and unambiguous language and clearly reflects both parties' expectations as to what items are not warranted." *Hesson v. Walmsley Construction Co.*, 422 So.2d 943, 946 (Fla 2n DCA 1982).

After reviewing Defendant's motion, it is only now apparent that the Ryland Home Warranty does clearly reflect both parties' expectations as to which items are warranted and the extent to which the items are warranted. The performance standards clearly lay out risks allotted to each party. For example, regarding water infiltration around doors and windows the performance standard states:

No water should pass beyond the interior face of the unit or flow into the wall area or the room in wind speeds under 54 miles per hour. All caulking materials expand and contract due to temperature variations and dissimilar materials.

Doc. 57–22 at 5, Ryland Home Warranty Program at IV–152. The performance standard further states Defendant will address the situation should there be a water leak. *Id.*[3] These performance standards meet the *Hesson* rule for a disclaimer. Plaintiff's brief does not address the specificity of these performance standards. Equally important, Plaintiff has not identified any areas that are not covered by the performance standards and that should be covered by an implied warranty. Therefore, the Court reconsiders it ruling regarding the implied warranty claim and grants Defendant summary judgment on the implied warranty issue.

Based on the foregoing, it is **ORDERED** as follows:

1. Plaintiff's, Melissa McGuire, Amended Motion for Reconsideration (Doc. 98), filed July 5, 2007, is **DENIED.**

---

3. The performance standards also specifically address water leaks at the roof, through the attic, and the walls. Doc. 57–22 at 2. Additionally it covers cracks at the wall. *Id.* at 5.

2. Defendant's, The Ryland Group, Inc., Amended Motion for Reconsideration Summary Judgment (Doc. 99), filed July 5, 2007, is **GRANTED**. Summary judgment is **GRANTED** in Defendant's favor on the implied warranty claim.