**IN the MATTER OF: Kanku Kasongo NGALULA, Melrose Denise Allen–Agalula, Debtors.**

**CASE NUMBER 16–10849–WHD**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Signed October 21, 2016

Griffin E. Howell, III, Griffin E. Howell, III & Associates, Ltd, Griffin, GA, for Debtors.

IN PROCEEDINGS UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

## ORDER

W. Homer Drake, U.S. Bankruptcy Court Judge

On September 13, 2016, James G. Baker (hereinafter the "Trustee"), trustee for the Bankruptcy estate of Kanku Kasongo Ngalula and Melrose Denise Allen–Ngalula (hereinafter the "Debtors"), filed two applications to employ Bill Jones of Ann Imes & Associates Realtors as a real estate broker in the Debtors' case. The two applications concerned two separate parcels of real property located on Alexander Road in Grantville, Georgia. One is a house and seventeen acres located at 540 Alexander Road (hereinafter "540 Alexander Road"). The other consists of twenty-four acres located adjacent to 540 Alexander Road (hereinafter the "24 Acres"). The applications, which were accompanied by Mr. Jones's declarations and Exclusive Seller Listing Agreements (hereinafter the "Agreements"), sought to employ Mr. Jones to assist in selling these properties for the benefit of the estate.

On September 14, 2016, the Court issued orders granting the Trustee's applications. The Court concluded that it appeared Mr. Jones was a disinterested person and that his employment would be in the best interest of the estate. The orders were entered subject to objection by the United States Trustee within twenty-one days. No objection has been filed.

However, on September 26, 2016, the Debtors filed two motions to reconsider (one for each of the Court's orders), and it is these motions that are currently before the Court. The Debtors do not object to the employment of Mr. Jones, but object to the contents of the Agreements attached to the applications. The Debtors argue that the Agreements undervalue the properties, that is, the "list prices" are too low. As a consequence of this undervaluing, the Debtors request that the Court disallow its orders approving Mr. Jones's employment.

### Discussion

Motions to reconsider are governed by Federal Rule of Civil Procedure 59. *See Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010); *see also*

894

FED. R. BANKR. 9023 (making Rule 59 applicable in Bankruptcy cases). Rule 59, however, merely provides the time limit for filing "a motion to alter or amend a judgment." *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *see also* BLR 9023–1 (requiring motions for reconsideration to be filed within fourteen days of the entry of the order or judgment). In the absence of direct instruction from the text of the Rule, the courts have developed their own tests for deciding whether to grant motions to reconsider.

 Eleventh Circuit precedent establishes that there are two grounds for granting a motion to reconsider: (1) newly discovered evidence; or (2) manifest errors of law or fact. *Hamilton v. Sec'y, Fla. Dept. of Corrections*, 793 F.3d 1261, 1266 (11th Cir. 2015) (per curiam); *Jacobs v. Tempur–Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010); *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999). In order to justify altering or amending a judgment pursuant to the second ground, there must be "a showing of a clear and obvious error where the interests of justice demand correction." *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F.Supp.3d 1376, 1380 (S.D. Ga. 2015) (internal quotation marks omitted) (quoting *McGuire v. Ryland Grp., Inc.*, 497 F.Supp.2d 1356, 1358 (M.D. Fla. 2007)).

 Here, the Debtors have not presented any new evidence that would affect the Court's decision on the Trustee's applications, nor have they pointed out any

manifest error of law or fact. The employment of professionals in a Bankruptcy case is governed by Rule 2014. *See* FED. R. BANKR. P. 2014. This Rule requires only that an application to employ a professional must set out certain information, including the name of the person to be employed, the services to be rendered, the proposed compensation arrangement, and the person's disinterestedness, which must be proved by a verified statement. *See id.* It does not require that an application to employ a real estate agent provide the price for which the subject real estate should ultimately be sold.

The Debtors in this case are making their argument at the wrong time. The ultimate disposition of the properties was not before the Court when considering the Trustee's applications, so the list prices in the Agreements were inconsequential. Indeed, the applications specifically provide that "[t]he real estate broker(s) whom applicant proposes to employ have been informed and understand that no sale may be consummated until after notice and hearing." All the Court decided in approving the employment of Mr. Jones was the terms of his employment (for instance, his 6% commission on any sale).[1] If the Trustee is ultimately, with Mr. Jones's professional assistance, able to sell the properties, such sales will be subject to the requirements of § 363(b), which allows sales outside of the ordinary course of business only after "notice and a hearing." *See* 11 U.S.C. § 363(b). The Debtors, if they have standing to do so, may raise any concerns they have about the sale price or the conduct of the sale at that time.[2]

---

1. Even this term is subject to further consideration if warranted. (*See* Order, Doc. No. 36, at 1–2 ("[T]he Court may allow compensation different from the compensation provided in the Trustee's Application if such terms and conditions prove to have been improvident in light of developments anticipatable at the

time of the fixing of such terms and conditions.").

2. *See Cult Awareness Network, Inc. v. Martino (In re Cult Awareness Network, Inc.)*, 151 F.3d 605, 607 (7th Cir. 1998) ("To have standing to object to a bankruptcy order, a person must

## Conclusion

For the reasons set forth above, the Debtors' Motions to Reconsider are hereby **DENIED.**

The Clerk shall serve this Order on the Debtors, the Trustee, and the U.S. Trustee.

**IT IS ORDERED.**

have a pecuniary interest in the outcome of the bankruptcy proceedings.... Debtors, particularly Chapter 7 debtors, rarely have such a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor.").